WATSON, Administrator, v. RUSSELL *et al.*

18    79
114   459

1. **Depositions:** EX PARTE EXAMINATION. Where the plaintiff obtained service by publication, and took depositions after depositing the notice thereof in the clerk's office, in the manner prescribed by section 4076 of the Revision of 1860, and after judgment, on motion of defendant the same was set aside and a re-trial ordered, it was held erroneous to suppress the *ex parte* depositions taken by plaintiff, upon motion made by the defendant after the cause had been pending for trial for a considerable time, and after some of the witnesses had died.

2. **Evidence:** EXECUTOR A PARTY. In an action by the administrator of a trustee against another concerning the matter of the trust, when the real party in interest is living, the defendant may be a witness to prove facts transpiring before the death of the trustee. Section 3980, Revision of 1860, is applicable only to cases in which the *real* party in interest is dead.

*Appeal from Mills District Court.*

TUESDAY, DECEMBER 20.

THIS action was originally commenced in the name of Morgan Robertson, as trustee of Amanda Campbell, to recover upon a claim for work and labor performed for defendant by Wm. H. Campbell, which the said Wm. H., for value received, sold, assigned and set over to said Robertson, *as trustee of said Amanda.* Robertson departed this life, and Watson, his administrator, was substituted as plaintiff. Defendants not personally served, and judgment was taken against them by default. This judgment was subsequently, upon their application, set aside, and upon a re-trial, the court found in favor of defendants, and plaintiff appeals.

*D. H. Solomon* for the appellant.

*J. M. Dews* for the appellees.

WRIGHT, Ch. J. — To reverse this case it is insisted, that plaintiff was entitled to a continuance; that the judgment by default has never been formally set aside; that until this was done there could be no re-trial; that the court below erred in excluding certain depositions and in admitting others; that the judgment on the second hearing was not warranted by the evidence, and that a new trial should have been granted. These as well as other points are made, some of them in determining the rights of these parties, others having nothing in the record to sustain them; and there are really but two material questions in the case, and these relate to the exclusion of plaintiff's, and the admission of defendants' deposition, to which alone we direct our attention.

Watson v. Russell.

Defendants were notified of the pendency of this action by publication only, and did not appear until after their default and judgment had been entered thereon. To prove his claim, plaintiff took certain depositions by filing a notice and interrogatories in the office of the clerk of the District Court, as provided by section 4076 of the Revision. After the default was set aside and a re-trial ordered, defendants moved to suppress these depositions, and they were suppressed upon the ground, as shown in the bill of exceptions, "that as defendants now made their appearance, the case should be tried *de novo*, and they should be allowed to cross-examine all the witnesses produced against him."

1. DEPOSITIONS: ex parte examination.

We concur with the court below that defendants, after their appearance, were entitled to an opportunity to cross-examine these witnesses. But this was no reason for suppressing or excluding the depositions entirely. It is true that after the default was set aside, the cause was to be heard *de novo*, but the testimony taken before that time, in the method provided by law, was just as available and as admissible as if taken on the most formal and regular personal notice. The re-trial ordered is not the trial of a new case, but of the same one, just as if a verdict had been set aside and a new trial directed. Of course, if the issues were changed, so as to render the testimony irrelevant or immaterial, a different question would arise. And it is also true that if testimony is thus taken *ex parte*, and there is no opportunity for cross-examination, these facts would affect the weight to be attached to the evidence. But such considerations relate to the force of the testimony, and not to its admissibility. In this case the court excluded the testimony for the reasons stated, and this, looking at the statute alone, was, in the opinion of two members of the court, erroneous. And whatever doubt the others may entertain as to this view of the statute, they unite in the

conclusion that there was error, upon the ground that the objection was not made *for nearly two years after the default was set aside, and after some of the witnesses were dead.* Without good cause, and hence for such delay, a motion of this character should be overruled. A party ought not to be permitted to stand by term after term, and at the last hour spring a question of this character. We unite in the opinion, therefore, that the court below erred in suppressing these depositions.

II. It will be remembered that Robertson, the trustee 2. EVI-DENCE: originally appointed by William H. Campbell, has executor .departed this life, and that it is now prosecuted in a party. the name of the present plaintiff as his administrator. After the default was set aside, the defendants proceeded to take the depositions of themselves, in relation to facts transpiring .before the death of said Robertson. Plaintiff now objects that these depositions should, on his motion, have been excluded, under § 3982 of the Revision, which provides that no person shall be allowed to testify under § 3980, (which makes parties competent and compellable to testify) *when the adverse party is the executor of a deceased person,* when the facts to be proved transpired before the death of such deceased person. To make this section applicable, we must assume that Robertson, if living, would be the adverse party within its meaning and spirit. But such is not its true construction. Robertson was the trustee; the party beneficially interested being Amanda Campbell, who is still living. Within the meaning of this statute she is the adverse party. The trustee, it is true, or his administrator, is the party plaintiff upon the record. But the law, in its reason and spirit, reaches beyond the mere nominal party, and treats the beneficiary as the one adversely interested. Thus, in part at least, the reason of the law is that. as one party cannot give his version of the transaction, or speak of matters transpiring before his

death, and as he is removed from the stage of action, and cannot assist in the preparation or prosecution of his case, neither shall the other. But a party clothed with a mere naked trust, having no interest in the controversy, ordinarily knows nothing of the circumstances surrounding the transaction in its inception, or in the sense in which the word "party" is used in the law, and hence is not, within the statute, an adverse litigant. It is true that the law ordinarily refers to the party to the record, but to it there are exceptions, and the case before us is one. We only remark, in conclusion, that the position of appellees, that these objections were not properly preserved by bill of exceptions, as the exceptions were not taken and filed in time, finds no support in the record. It expressly appears from the court record and the exceptions signed by the judge, that time was given by consent to prepare the same, and that they were filed within the time thus fixed.

Reversed.