[No. 6,913.—In Bank.]

## HENRY S. BEALS, ADMINISTRATOR, ETC., *v.* E. J. CROWLEY.

GIFT CAUSA MORTIS—RESULTING TRUST.—The plaintiff's intestate, a few hours before her death, desiring to give money to certain parties, gave her check to the defendant, and assigned to him two bank accounts; and at the same time gave him directions as to the disposition of the greater part of the money, saying nothing as to the balance. The defendant reduced the money into possession in the life-time of the intestate, and after her death made the payments directed by her.

*Held,* in an action by the administrator to recover the money, that so far as the money was directed to be paid to specific persons, the gift was complete, but as to the balance there was no gift.

APPEAL from a judgment for the defendant, and from an order denying a new trial in the Sixth District Court, County of Sacramento. DENSON, J.

The facts of the case as appearing from the evidence were substantially as follows: Charlotte H. Morgan, the plaintiff's

intestate, some time previous to her death, in consultation with her attorney, told him that she wanted to give her money to certain parties, and that she did not wish to have it go through the Probate Court; and was advised by him that she would have to make an absolute gift of the money, and that afterwards she could request the donee to distribute the money according to her request, but would have to depend entirely upon his honor to do it, because she would have to leave it in such a shape that the money would be gone from her and given to the party absolutely.

Conversations also took place between her and the defendant in which she told him that she wished to leave money to certain parties, naming them, which she did not wish to appear in her will.

Afterwards and a few hours before her death, she gave to the defendant her check on the Sacramento Bank, and also assigned to him her accounts in the Odd Fellows' Savings and Commercial Bank and in the Capital Savings Bank, the amounts of the check and the accounts aggregating $2,548.

The defendant went and had the money transferred to him; and after his return, the intestate directed him to pay out the greater part of the amount, in sums averaging about three hundred dollars, to various persons; but as to the balance, amounting to nine hundred and sixty-six dollars, she gave no directions. After her death, the defendant paid out, as far as she told him, the sums of money she designated. The action was brought to recover as well the amounts thus paid out, as the amount remaining in his possession, and the Court found for the defendant as to the whole.

*P. Dunlap* and *C. L. White,* for Appellant.

No gift was made to respondent. He was merely acting as the agent of Charlotte H. Morgan, to carry into effect an intention on her part to make certain gifts. This intention did not include respondent.

The respondent's agency was terminated by the death of Mrs. Morgan, for a power to represent another can only continue so long as there is some one to be represented. (C. C., § 2356; Dunlap's Paley's Agency, side p. 186; 2 Kent's Com. 644; 1 Pars. on Con. 60; *Hunt* v. *Rousmanier,* 8 Wheat. 174.)

A gift is not perfect, nor does any interest pass to the donee, until there has been a delivery by the donor and an acceptance by the donee. (C. C., § 1147; *Dow* v. *Gould & Curry S. M. Co.*, 31 Cal. 652; *Noble* v. *Smith*, 2 Johns. 52; S. C., 3 Am. Dec. 399; *Pearson* v. *Pearson*, 7 Johns. 26; *Cook* v. *Husted*, 12 id. 188; *Fink* v. *Cox*, 18 id. 145; S. C., 9 Am. Dec. 191; 2 Bl. Com. 441; *Sewall* v. *Glidden*, 1 Ala. 52.)

There is no distinction in this respect between gifts *inter vivos* and gifts *causa mortis*. Both require delivery by the donor and acceptance by the donee. (*Harris* v. *Clark*, 3 Comst. 113; *Noble* v. *Smith*, 2 Johns. 52; S. C., 3 Am. Dec. 399; *McDowell* v. *Murdock*, 1 Nott & M. 239; S. C., 9 Am. Dec. 684; *Ward* v. *Turner*, 2 Ves. Sen. 431; *Huntington* v. *Gilmore*, 14 Barb. 243.)

The money was under the control of Mrs. Morgan, the donor, until acceptance and delivery to the donees, and upon her death the agency of respondent terminated. (Story on Agency, § 462.)

She could have countermanded her instructions to respondent at any time while the money was in his hands, in her own life-time. (2 Kent's Com. 439–546.)

To make a gift of any kind perfect, the donor must have been in such condition with respect to the subject-matter of the gift, as to have been unable to repossess himself thereof, or to recall the same. (*Little* v. *Willetts*, 55 Barb. 129, and reported in 37 How. Pr. 493.)

In any view of the case, appellant was entitled to judgment against respondent for the money concerning which no direction was given by deceased. (2 Kent's Com. (438) 544.)

*Haymond & Allen* and *Tubbs & Cole*, for Respondent.

Such gifts may be made; and if made during the last illness of the giver, under circumstances which naturally impress him with an expectation of a speedy death, are presumed to be gifts in view of death. (C. C. P., § 1150.)

There must be a delivery to the donee, or to a person for him. (3 Binn. 370; *Lick* v. *Madden*, 36 Cal. 208; *Doyle* v. *Sturla*, 38 id. 456; *Woods* v. *Whitney*, 42 id. 360; *Hawkins* v. *Abbott*, 40 id. 639; *Brown* v. *Brown*, 41 id. 88.)

The COURT:

We are of the opinion that the evidence fails to show that there was any gift from the deceased, Mrs. Morgan, to the defendant, Croly, of the nine hundred and sixty-six dollars.

Judgment and order reversed and cause remanded for a new trial.

MYRICK, SHARPSTEIN, and McKEE, JJ., dissenting:

It is clear to us that A. may deliver to B. personal property with instructions that B. deliver the same to C., and if such delivery to B. is with the intention on the part of A. to pass the title to B., so as to make it a gift, it is good, even though B. does not deliver the property to C. until after the death of A. If Mrs. Morgan delivered to the defendant the two thousand five hundred and forty-eight dollars for which this suit was brought, with instructions to deliver portions thereof to parties named by her (the aggregate of the portions not, however, amounting to the full amount), and if, at the time of such delivery, she intended that the title to the money should pass from her, the gift was complete as soon as the defendant had possession of the money. The findings of the Court below can be sustained upon the theory that Mrs. Morgan intended that so much of the money as she did not direct to be paid to the other persons named should be retained by the defendant. The Judge of the Court below must have believed such to have been her intention; and there is some evidence upon which to base such belief. The written reply of the defendant to the demand of plaintiff for the money does not necessarily negative an idea of a gift; it is merely a statement of the facts: "Previous to her death she gave me the sum of two thousand five hundred and forty-eight dollars, one thousand five hundred and eighty-two dollars of which has been paid out according to her directions previously given. A balance of nine hundred and sixty-six dollars still remains in the Odd Fellows' Savings and Commercial Bank, less ten per cent., which I have drawn, and for which Mrs. Morgan gave me no directions as to the disposition."