## DARR v. DARR.

1. **Agent to Collect Notes:** NEGLIGENCE. FACTS NOT CONSTITUTING. Where defendant received from his brother, for collection, certain notes which did not fall due till after the brother's death, and the defendant continued to hold the notes until the makers became insolvent, no demand having been made for the notes by the brother's foreign administrator, *held* that defendant's agency ceased with the death of his brother, after which he had no authority to collect the notes, and that he was not liable to the brother's only heir for neglect in not having an administrator of the brother's estate appointed in this State, and that he was not liable as an executor *de son tort*.

*Appeal from Linn District Court.*

THURSDAY, JUNE 15.

ACTION AT LAW to recover the amount and value of certain promissory notes received by defendant for collection from the father of plaintiff, which he negligently failed to collect and refused to deliver them to the guardian of plaintiff until the makers became insolvent, whereby they were wholly lost to plaintiff. The cause was tried to the court without a jury and judgment was rendered for plaintiff. Defendant appeals.

*Preston Bros.*, for appellant.

*J. C. Davis*, for appellee. ·

BECK, J.—I.   The District Court made no special findings, but, in our opinion, the evidence establishes the following facts:

1.   Plaintiff is the only heir of Andrew Darr, a brother of defendant, who died in 1859 in Missouri.

2.   In 1858 or 1859 defendant received the notes in controversy from plaintiff's father who was, at the time, about to remove to Missouri, with authority to collect them.   The notes did not become due until after Andrew Darr's death. At the maturity of the notes, and for some time after, the makers of the notes were solvent.

3.   Administration of Andrew's estate was allowed in Nebraska, and the notes were reported as assets of the estate there, and the administrator collected a part of one of these notes.

4.   Plaintiff's grandfather was appointed his guardian in Missouri.

5.   Defendant collected no part of the notes.   In 1879 he delivered them to plaintiff, who then had reached his majority.

6.   The makers of the notes are and have been for many years insolvent.

7.   No demand was made upon defendant by the administrator of the estate of Andrew for the notes.   In 1860 the grandfather of the plaintiff had some correspondence with defendant, who suggested the appointment of a guardian in this State.   It does not appear whether the grandfather at this time had been appointed guardian in Missouri.

II.   These facts support the judgment of the District Court.   Defendant's agency was terminated by the death of his brother, and afterwards he had no authority to enforce the collection of the notes.   They were assets of his brother's estate and should have gone into the hands of the adminis-

trator. Defendant is not liable for negligence in not causing the appointment of an administrator in this State.

There is no ground for holding defendant liable as an executor *de son tort*. He in no manner intermeddled in the affairs of the estate, and did not interfere to prevent the administrator recovering the possession of the notes, nor to prevent administration upon the estate in Iowa.

We conclude, the judgment of the District Court ought to be

AFFIRMED.