OLE STENSON FURENES *et al.,* Appellants, v. ANNA M. EIDE and GEORGE EIDE and two other cases.

**Personal Transactions with Decedent:** Where the deceased had executed deeds intended as gifts, a witness who was interested in the property, whether it passed by the deeds or under decedent's will, and who took the deeds and delivered them to the grantees therein named, is not allowed under Code section 4604, to testify as to any directions or communications made by deceased at the time witness took the deeds.

SAME.   Interested parties may give in evidence facts from which inferences may be drawn though their interest bars them from testifying to the facts inferred, directly

**Delivery of Deed:** PRESUMPTIONS.   The presumption that a deed is delivered on the date of execution is overcome where the record clearly shows that deeds did not reach the grantees until after the date of grantor's death.

SAME.   Possession is *prima facie* evidence of delivery, and where such possession is shown, such case is made out though the deed *may* have been brought to grantee by a person other than the grantor.

**Agency:** REVOCATION.   *Death of Principal.*   Where deeds intended as gifts were taken by a witness to deliver to the grantees, the death of the grantor revokes the authority of the witness and he

| | |
|---|---|
| 109 | 511 |
| 111 | 642 |
| 109 | 511 |
| 113 | 354 |
| 109 | 511 |
| 131 | 659 |
| 109 | 511 |
| f133 | 155 |
| f133 | 324 |
| 109 | 511 |
| 138 | 348 |
| 138 | 349 |

can make no valid delivery thereafter. nothing tending to show an intention that the agency should survive the death of the principal.

*Appeal from Story District Court.*—Hon. B. P. Birdsall, Judge.

Tuesday, October 24, 1899.

Thor Olson died July 23, 1899, seised of four hundred and sixty acres of land in Story county, and by will gave the use of it during life to his wife, and one-half of the remainder to his heirs, and the other one-half to the children of his wife by a former marriage. See *Furenes v. Severtson,* 102 Iowa, 322. Shortly before his death he signed deeds conveying forty acres of land to each of three grandchildren, S. C. Severtson, Anna M. Eide, and Ellen M. Mickelson. S. C. Severtson having died, his father, John Severtson, inherited whatever interest he had in the forty acres described in the deed to his son. The wife elected to take under the will, and enjoyed the possession and use of the estate until her death, August 28, 1892. Three separate actions were brought, January 12, 1895, by the heirs of Olson, to set aside the deeds to the grandchildren, alleging (1) that they were procured without consideration, and when Olson did not possess mental capacity to execute them; (2) that they were procured by fraud and undue influence; and (3) that the deeds were never delivered. The answer puts in issue these allegations. The point in controversy is whether the land shall pass under the will or these deeds. The three cases were tried together, and are submitted on the same record. Decree was entered for the defendants in each case, and the plaintiffs appeal. *Affirmed* as to one case, and *reversed* as to others.

*E. H. Addison, D. J. Vinge* and *W. G. Harvison for* appellants.

*Geo. W. Dyer* and *Dyer & Stevens* for appellees.

LADD, J.—The deeds from Thor Olson to his three grandchildren were without consideration, and doubtless intended as a gift. Though nearly eighty years of age, and physically very weak, he appears to have had the full possession of his faculties, and not to have been unduly influenced in what he did. The evidence relating to his care and treatment falls far short of indicating mental incapacity or the exercise of control over him by others. We may, then, limit our inquiry to ascertaining whether the deeds were delivered; for a gift, to be effective, must be complete. They were prepared by, and acknowledged before Clousler, a justice, on Sunday, July 21, 1889, though dated as of the previous day. Where there is no delivery the gift must fall. "Intentions cannot supply it; words cannot supply it; actions cannot supply it. It is an indispensable requisite, without which the gift fails, regardless of the consequences." Thornton Gifts, Section 131; *Otto v. Doty,* 61 Iowa, 26. The evidence shows that Clousler placed the deeds on the table in the room of the deceased, after they were signed and acknowledged. John Severtson testified that Olson, after Clousler left, directed him to hand the deeds over to the grantees named therein, and that he took them for the children, and delivered them at the first opportunity. He is not certain when he gave the deed to S. C. Severtson, but his wife testified he did so Monday, morning, the day before Olson's death. The deeds to Anna M. Eide and Ellen M. Mickelson did not reach them until the grantor was dead and buried. As appropriate objections were made, evidence of any directions or communications from Olson to Severtson must be excluded, as he is interested in the event of each of the three actions (Code, Section 4604); for, should the plaintiffs succeed, he, as son of Olson's wife, with her other heirs, would take one-half of the property under the will, and he is the sole heir of S. C. Severtson.

The defendants insist that a deed is presumed to have been delivered as of the date it bears. But this record conclusively shows that those to Eide and Mickelson did not reach them till after the grantor's death. These, then, passed no title. Even were Severtson's evidence received, it showed him only to have been Olson's agent. He was employed to carry the deeds to the grandchildren, not to receive them in their behalf. Nor was he to do this after their death. That such an agency is dissolved by the death of the principal has been repeatedly ruled by this court. *Darr v. Darr,* 59 Iowa, 81; *Lewis v. Kerr,* 17 Iowa, 73; *Vance v. Anderson,* 39 Iowa, 426; *Crispin v. Winkleman,* 57 Iowa, 523. See, also, *Scott v. Lauman,* 104 Pa. St. 593; *Sessions v. Moseley,* 4 Cush. 87.

There was nothing to indicate that this agency was intended to extend after Olson's death, nor that the deeds could not have been recalled by the grantor at any moment. It is not like a case where a third party, taking the papers, may be considered to be acting for the grantee, nor where these are placed in the hands of a third person, to be delivered on the happening of some event after death, as in *Dettmer v. Behrens,* 106 Iowa, 588. If these deeds, then, were delivered by Severtson, he acted without authority, and, as the grantees did not receive them until after the grantor's death, no title passed to Eide or Mickelson.

Those interested in the litigation, however, are not prohibited from testifying to facts from which inferences may be drawn. *McElhenney v. Hendricks,* 82 Iowa, 658; *Walkley v. Clarke,* 107 Iowa, 451. The testimony of Mrs. Severtson that S. C. Severtson was in possession of the deed to him before Olson's death was uncontroverted, and such possession was *prima facie* evidence of delivery. This was not overcome by the mere fact that it may have been brought to him by his father. *Blair v. Howell,* 68 Iowa, 622; 9 Am. & Eng. Enc. Law, 159. It follows that the decree in the cases against Anna M. Eide and Ellen M. Mickelson must be reversed, and that against John Severtson AFFIRMED.