PATRICK HOGAN, as Administrator of the Estate of JOHN COLLINS, Deceased, Appellant, v. MICHAEL SULLIVAN, P. O'DOWD AND JOSEPH SULLIVAN, by his Next Friend, Intervenors.

**Gifts Causa Mortis:** DELIVERY. Where a decedent in his lifetime takes his son-in-law to a bank, and deposits a sum of money, having the certificate made payable to the son-in-law, and some two years afterwards, just prior to his death, gives a written memorandum to the son-in-law, directing the disposition of the fund among certain beneficiaries, there is sufficient delivery in trust for the beneficiaries to constitute a valid gift *causa mortis*.

**Trusts:** DESIGNATION OF BENEFICIARY: *Parol evidence*. A written memorandum given by a decedent to the custodian of a fund, consisting of the names of certain charities and individuals, followed by sums of money, coupled with oral directions to the custodian to dispose of the fund in accordance therewith, is a mere memorandum to assist the custodian's memory, which may be rendered certain by parol evidence of the identity of the beneficiaries, and the insufficient designation of the latter

in such memorandum does not affect the validity of the trust created.

**Evidence:** TRANSACTIONS WITH DECEDENTS. Under Code, section 4604, providing that no party to any action, nor any party interested therein, shall be examined as a witness as to any personal transaction or communication with a deceased person, the testimony of a defendant, sued by an administrator for a fund in his hands, as a gift *causa mortis* by the intestate to intervenors in the action, is properly admitted in the latter's behalf, defendant making no claim adverse to the intervenors.

**Review on Appeal:** OBJECTIONS NOT RULED ON. Where sufficient evidence to sustain the judgment below was properly admitted, it will be presumed on appeal that other evidence, properly objected to, which objections do not appear to have been passed upon, was not considered.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, OCTOBER 4, 1901.

ACTION to recover $2,000 as belonging to the estate of John Collins, deceased. Intervention by Mary Sullivan, as next friend of Joseph Sullivan, claiming $1,000 of the fund for which the action is brought against defendant, and by P. O'Dowd, claiming in his own right and as trustee for others another portion of said fund. Defendant raised no issue with the intervenors, but claimed in his own right $120. Plaintiff took issue with intervenors as to their rights to portions of the fund claimed. Trial to the court. Judgment was rendered in favor of the two intervenors as to their respective claims, and in favor of plaintiff against defendant for the balance of the fund not covered by these claims. Plaintiff appeals.—*Affirmed.*

*J. M. Dower* and *Baker & Ball* for appellant.

*Ellis & Ellis* for defendant.

*R. B. Wolfe* for interveners.

McCLAIN, J.—Evidence, much of which was received subject to objection, tended to show that plaintiff's intestate, John Collins, about two years before his death, took defendant to a bank, and deposited $2,000, having the certificate made payable to defendant, at the time explaining his action by saying that the doctors had told him that there was danger of his death, and that he wanted to have the money put in defendant's name so that he could draw it out. Collins was a widower, without children, and living with defendant and his wife; the latter being an adopted daughter. About two years afterwards, and two weeks before his death, Collins, who was then suffering with the malady of which he afterwards died, gave directions to defendant with regard to the disposal of the money which he had previously deposited to defendant's credit, causing defendant to make a brief memorandum of the beneficiaries as follows: "Orphans' Home, Davenport, $500; Educate Priests for Indian Missions, $200; Propagation of Faith, $100; Father O'Dowd's Assistant, $20; Father Donovan, $50; Father O'Dowd, $40; Mrs. J. Cavanaugh, $100; Joe Sullivan, $1,000." This memorandum was read over to Collins, but the paper was not signed by him. It was introduced by defendant as a part of his testimony. Defendant further testified that all of these donations were to be paid over to P. O'Dowd, who was named in the memorandum as Father O'Dowd, except the last two. There was also testimony tending to identify more specifically the beneficiaries named in the memorandum.

I. Various objections were interposed by counsel for appellant to the testimony offered in behalf of the defendant, and also to that in behalf of intervenors. The trial judge received the evidence, however, subject to objection, and at its conclusion in a written opinion, announced rulings to the effect that defendant's testimony in his own behalf was incompetent, because it re-

lated to personal communications between deceased and himself, in violation of Code, section 4604, but that defendant's testimony as to the same conversations and transactions was competent in behalf of the intervenors.  Other objections to evidence were not ruled upon, and it does not appear whether the other evidence objected to was considered by the court or not.  If the testimony of defendant with regard to these communications and transactions was admissible in behalf of the intervenors, then there was sufficient evidence to sustain the judgment of the court; and we may presume that, if the other evidence was properly subject to the objections which were made, it was not considered, and no error in that respect was committed.  Inasmuch as judgment was rendered against defendant for the balance of the fund to which intervenors were found not to be entitled, and as defendant made no claims adverse to intervenors, it may be conceded that defendant, as far as his testimony in behalf of intervenors was concerned, was not an interested witness under the provisions of Code, section 4604.  But the statute excludes in such cases the testimony of a *party* to the suit as against the administrator as well as that of a *person interested,* and counsel for appellant insist that defendant was therefore disqualified to testify to personal transactions and communications with deceased, even in intervenor's behalf. We cannot agree with this view. The relief asked by the intervenors was against the plaintiff as administrator, and no relief was sought against defendant.  The interventions were wholly distinct from the action in which plaintiff sought in behalf of the estate to recover money from defendant.  The statutory provision is to be applied with a view to the object for which it was passed.  *Watson v. Russell,* 18 Iowa, 79. The situation is different from that involved in *Burton v. Baldwin,* 61 Iowa, 283, and *Williams v. Barrett,* 52 Iowa, 637.  In those cases it was held that one defendant to a suit was incompetent to testify in behalf of other defendants, although not interested generally with such other defendants;

but the cases each involved only one action, while in this case we find that the action against defendant was wholly distinct from the actions by the intervenors against plaintiff. The court properly overruled the objection to defendant's testimony when offered in behalf of the intervenors.

II. The direction of Collins to pay sums of money specified to the persons named was valid, if at all, by way of gift *causa mortis*. It is contended that there was not such delivery as to make the gift effectual. It is not necessary to cite cases to the effect that delivery is essential. See, however, *Stokes v. Sprague,* 110 Iowa, 89, where the question is fully discussed. There is some conflict in the cases as to whether postponement of time of enjoyment until after donor's death will render the gift invalid. This court has held that such express postponement is immaterial, provided the gift is absolute. *Schollmier v. Schoendelen,* 78 Iowa, 426. And see *Grymes v. Hone,* 49 N. Y. 17 (10 Am. Rep. 313); *Williams v. Guile,* 117 N. Y. 343 (22 N. E. Rep. 1071, 6 L. R. A. 366); *Emery v. Clough,* 63 N. H. 552 (4 Atl. Rep. 796, 56 Am. Rep. 543); *Devol v. Dye,* 123 Ind. 321 (24 N. E. Rep. 246, 7 L. R. A. 439). However that may be it is agreed that, if there is a present delivery of title and possession under circumstances showing the gift to be *causa mortis,* the fact that by operation of law the donor's right to the property may revest in him by recovery from his illness, or by voluntary revocation before his death, will not, in the absence of any such revocation, prevent the gift *causa mortis* from being effectual. The question is whether there is a present transfer, subject only to the conditions implied by law, or whether there is only a conditional transfer, which, by its terms, is not to take effect until the death of donor. *Basket v. Hassell,* 107 U. S. 602 (2 Sup. Ct. Rep. 415, 27 L. Ed. 500); *McCord's Adm'r v. McCord,* 77 Mo. 166 (46 Am. Rep. 9); *Williams v. Schatz,* 42 Ohio St. 47. It is well settled that a gift *causa mortis* may be effected by delivery to a third person in trust for

the donee, although the gift does not come to the knowledge of the donee, and is not accepted by him, until after the death of the donor. If the person to whom delivery is made is not to act thereafter as the agent of the donor, he is regarded as the trustee for the donee, and his acts in holding the property for the donee are deemed to be in the donee's interest, the acceptance of the donee being presumed. *Clough v. Clough,* 117 Mass. 83; *Gerrish v. Institution,* 128 Mass. 159 (35 Am. Rep. 370); *Pierce v. Bank,* 129 Mass. 425 (37 Am. Rep. 371); *Beals v. Crowley,* 59 Cal. 665; *Woodburn v. Woodburn,* 123 Ill. 608 (14 N. E. Rep. 58, 16 N. E. Rep. 209); *Devol v. Dye,* 123 Ind. 321 (24 N. E. Rep. 246, 7 L. R. A. 439). It is true that, when the money in question was first deposited payable to defendant, there was no designation of beneficiaries, but the subsequent designation, with the assent of defendant, of the persons to whom the money was to be paid, was just as effectual as though the money had been then for the first time placed in the possession and control of defendant without the reservation on the part of Collins of any further power of disposition. *Champney v. Blanchard,* 39 N. Y. 111; *Eastman v. Bank,* 136 Mass. 208; *Caylor v. Caylor's Estate,* 22 Ind. App. 666 (52 N. E. Rep. 465, 72 Am. St. Rep. 331); *Sorrells v. Collins,* 110 Ga. 518 (36 S. E. Rep. 74). It was not essential to the validity of the gift that the money be returned by defendant to Collins, and then re-delivered by Collins to the defendant, with directions for its disposition. *Tenbrook v. Brown,* 17 Ind. 410.

III. Counsel for defendant cites many cases in which bequests have been held insufficient on account of uncertainty in the description of the beneficiary, or because the beneficiary was not competent to take and hold the property. This court has held, however, that a trust declared by law may vest in a trustee for a beneficiary not competent to take and hold property (*Seda v. Huble,* 75 Iowa, 429), and that a bequest in trust for a public charity may be upheld although the beneficiary is to be selected by

the trustee (*Phillips v. Harrow,* 93 Iowa, 92. And see *In re Creighton's Estate,* — Neb. — (84 N. W. Rep. 273). This is not, however, the case of a devise, but of a gift. There is no doubt that property may be given in trust, and that parol evidence is admissible to identify the beneficiaries and explain the nature of the trust, unless it is open to the objection that it tends to vary or contradict the terms of a written instrument. *Collins v. Phillips,* 91 Iowa, 210. There was no written declaration of trust in this case. The memorandum was intended only to assist the memory of defendant. As to the identity of the Joe Sullivan named in the memorandum, the evidence leaves no doubt; nor is there any doubt that there is evidence to support the findings of the court as to the beneficiaries of the fund which was to be paid in trust to Father O'Dowd. Parol evidence is admissible to show that the claimant of a trust fund corresponds to the description. *Bond v. Home for Aged Women,* 94 Iowa, 458.—AFFIRMED.