IN RE WILL OF JESSIE GORDEN.

W. A. WESTFALL, Executor, Appellant, v. JOSEPH HENRY BRYAN et al., Appellees.

No. 47006.

JUNE 17, 1947.

R. F. Clough, of Mason City, for appellant.

H. J. Bryant and George S. Marty, both of Mason City, and James J. McDonald, of Madison, Wisconsin, for appellees.

OLIVER, C. J.—In 1944 defendant Joseph Henry Bryan held money totaling $5,000 which his aunt, Jessie Gorden, had sent him for safekeeping at various times between 1935 and 1940. In May 1944 he received by mail a letter dated May 8, 1944, addressed to him and signed by her, stating "* * * and at my death the money I have down thair you take it and devide it among yours sisters and your brother and your self." The record indicates she then had no thought of impending death from a present illness or impending peril.

Jessie Gorden died July 17, 1944, aged eighty-four years. She was a widow and apparently left no direct heirs. The residuary clause of her will, made in 1930, divided the bulk of her estate (about $26,000) equally among various collateral heirs, among whom were Bryan, his six sisters, and his brother, defendants herein.

The executor of her will instituted this proceeding, praying that said $5,000 be adjudicated to be part of her estate and be charged against the residuary shares of the defendants. Upon trial the application was denied and the $5,000 adjudicated to be no part of testatrix' estate. The executor appeals.

 We are satisfied the record clearly shows a valid gift inter vivos to defendants. Jessie Gorden's letter of May 8, 1944, evidenced her intention to make such gift. Abegg v. Hirst, 144 Iowa 196, 198, 122 N. W. 838, 138 Am. St. Rep. 285. The

letter also consummated the gift. Prior thereto Bryan had possession of the money for Jessie Gorden. The letter directed him to divide it among the donees, when Jessie Gorden should die. Implicit in this direction was the requirement that, until such time, he hold it for said donees. Jessie Gorden thereby relinquished all right to and dominion over the money and transferred the same to Bryan as trustee for the use and benefit of the donees. She reserved no right of revocation and had none.

That a gift may be executed in this manner is well settled. Delivery directly to the donees is not essential. It may be made to some person as agent or trustee for the use of the donees. Tucker v. Tucker, 138 Iowa 344, 116 N. W. 119; Furenes v. Eide, 109 Iowa 511, 80 N. W. 539, 77 Am. St. Rep. 545. If such person already has possession of the property for the donor it is not essential to the validity of the gift that the property be returned to the donor and redelivered to said person. Hogan v. Sullivan, 114 Iowa 456, 461, 87 N. W. 447. Nor, if the gift is absolute, will it be defeated by the mere postponement of the enjoyment until the death of the donor. Tucker v. Tucker, supra; Jones v. Nicholas, 151 Iowa 362, 130 N. W. 125.—Affirmed.

BLISS, GARFIELD, HALE, MANTZ, MULRONEY, SMITH, and HAYS, JJ., concur.