[Civ. No. 3268.   First Appellate District, Division Two.—February 28, 1920.]

R. H. HERRON COMPANY, Respondent, v. C. L. FLACK, Appellant.

[1] GUARANTY—ACCEPTANCE OF WRITTEN OFFER—EXTENSION OF CREDIT —CONSIDERATION.—A writing which is in effect an offer to guarantee the debt incurred if the person to whom such writing is addressed would extend credit of a certain oil company becomes a completed contract when such writing is acted upon and the credit extended, the consideration being the extension of the credit according to the terms of the offer.

[2] ID.—RULES RELATING TO CONTRACT APPLICABLE.—A contract of guaranty is governed by the usual rules applicable to contracts in general with reference to an offer and acceptance thereof.

[3] ID.—WRITTEN INSTRUMENT — CONSIDERATION — PRESUMPTION.—The legal presumption is that a guaranty contained in a written instrument is based upon a sufficient consideration; and the burden of showing a want of consideration is upon the party attacking the instrument.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dockweiler & Mott, G. C. O'Connell and Albert M. Cross for Appellant.

Geo. E. Whitaker and Davis, Kemp & Post for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $2,334.75. The judgment

was upon a written guaranty of the indebtedness of the Gate City Oil Company (a corporation in which defendant was a large stockholder) to the plaintiff, which indebtedness arose from the purchase of goods, wares, and merchandise used by the oil company in its business.

The guaranty signed by Flack was as follows:

"Los Angeles, Cal., Aug. 9, 1911.

"R. H. Herron Co.,

"Los Angeles, Cal.

"Gentlemen:

"In consideration of your extending credit at our request to Gate City Oil Co., in which company we are interested and for value received, we hereby jointly and severally guarantee the full payment to you when due of all its indebtedness. Notes or other evidence of indebtedness or securities may be received by you on account, or in adjustment of said indebtedness, and may be renewed and extended as you think advisable without notice and without impairing the liability under this guarantee and are hereby expressly included hereunder until finally paid.

"Notice of acceptance of this guarantee and of sales made or of any default is waived. This guarantee is to be a continuing one and remain in full force until written revocation is received by you.

"C. L. FLACK. (Seal)

"Witness: DON H. PETTY."

It appears from the testimony that goods were delivered after the execution of the guaranty, and in payment therefor, the corporation through Flack, its vice-president, and one J. H. Lindsey, its secretary, executed and delivered to the plaintiff a promissory note of the corporation for the amount recovered in this action. The corporation failed to pay its note at maturity, and defendant was sued upon his guaranty. The defendant set up as a defense that he had never legally executed and delivered the guaranty, because, as he alleges, he signed said guaranty upon the express condition that it was not to become operative until it had been signed jointly by W. R. Jacobs, another stockholder of the company. Upon this appeal the defendant urges upon our attention the portions of the record which sustain his contentions upon this question, and contends that the finding of the trial court to the effect that the

defendant did not sign said guaranty upon the condition that it should also be signed by Jacobs, is unsupported by the evidence. It is true that the defendant testified in accordance with the allegations set up in his answer, and that the bookkeeper in his office corroborated him in this testimony. We have carefully read the record and we find considerable testimony in aid of defendant's defense; but the record also reveals substantial evidence in favor of the finding of the trial court, and we are accordingly bound thereby. These remarks are also applicable to the objection of the appellant to certain other findings of the trial court. Appellant is insistent that the evidence is insufficient to support the allegation of the complaint and the finding of the court that goods were furnished to the oil company by the plaintiff to the amount of $2,334.75 on the credit of the guaranty. As to the reliance upon the guaranty by the plaintiff when it furnished the goods, we have the testimony of the various employees of the plaintiff company that the goods were furnished; that they were furnished because of the guaranty and in reliance thereon, and that credit had been refused to the oil company until the guaranty was executed. Upon the question of the delivery of the goods, the record also discloses the testimony of the defendant himself, who was the vice-president of the oil company, as follows: "I know that those goods had been delivered between August, 1911, and November 3, 1911, to the Gate City Oil Company.... " This acknowledgment by the defendant himself would remedy any weakness in the proof of the plaintiff upon this point.

[1] The remaining question to be considered is whether or not the guaranty is supported by a sufficient consideration. The guaranty set out herein was in effect an offer to guarantee the debt incurred if the plaintiff would extend credit to the oil company. Until acted upon by the plaintiff, it constituted a mere offer. But when the plaintiff acted upon it and extended the credit it became a completed contract, the consideration being the extension of the credit according to the terms of the offer. The guaranty expressly waived notice of acceptance of the same. It was a continuing guaranty, and it went into effect immediately upon acceptance by the plaintiff, which was evidenced by the

furnishing of goods on credit.  [2]  A contract of guaranty is governed by the usual rules applicable to contracts in general with reference to an offer and acceptance thereof. ·  The principle of the present case is discussed in 12 R. C. L., page 1068, where it is said: ''Contracts of guaranty may fall under that class, as when a person solicits another to employ a particular individual as his agent for a specified period, and engages that if the person addressed will do so, he, the applicant, will be responsible for the moneys the agent shall receive and neglect to pay over during that time.  The party indemnified in such a case is not bound to employ the party designated by the guarantor; but if he does employ him in pursuance of the promise, the guaranty attaches and becomes binding upon the party who gave it.''  Similarly, in the present case, we think the plaintiff was not bound to extend credit to the oil company, but when it did extend credit in reliance upon the offer and promise in the guaranty, it accepted such offer, and the guaranty was binding upon the defendant.

[3]  Furthermore, the guaranty is a written instrument. The legal presumption is that such an instrument is based upon a sufficient consideration.  The defendant offered no evidence to overcome this presumption.  The burden of showing a want of consideration is upon the party attacking the instrument.  (*Rogers* v. *Schulenburg*, 111 Cal. 281, 284, [43 Pac. 899].)

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.