[Civ. No. 3239. Second Appellate District, Division Two.—December 29, 1920.]

## G. W. NEELY, Administrator, etc., Appellant, v. ETHEL STELLA MAY BUSTER et al., Respondents.

[1] APPEAL—ACTION TO SET ASIDE DEED—FINDING—DELIVERY—EVIDENCE.—On an appeal from a judgment in an action to set aside a deed, the evidence must be considered on the theory that every reasonable inference deducible therefrom, and which is favorable to the court's finding of delivery, is an established fact.

[2] DEED—DELIVERY—QUESTION OF FACT.—Delivery or nondelivery is always a question of fact to be found from the surrounding circumstances of each transaction, and a finding that a deed has been delivered, if the finding is based upon an analysis of conflicting testimony or upon inferences reasonably deducible from the evidence, may not be questioned on appeal.

[3] ID.—MANNER OF DELIVERY.—Delivery of a deed is an essential element of a valid transfer of title to real estate and must take place during the lifetime of the grantor, for a deed cannot be made to perform the functions of a will; but the delivery need not be made to the grantee in person; it may be delivered to a third person to be by him delivered to the grantee.

[4] ID.—DELIVERY TO THIRD PARTY.—Where the grantor, parting with all dominion and control over the deed, and intending it to take effect and pass the title as a present transfer, delivers it to a third person to be delivered to the grantee, and such person does deliver to the grantee, as authorized and directed by the grantor, there is a good delivery to the grantee, though the grantor be dead at the date of the last delivery.

[5] ID. — DELIVERY AFTER DEATH OF GRANTOR — ACCEPTANCE BY GRANTEE.—Where a deed is delivered to a third person with instructions to deliver it to the grantee upon the death of the grantor, the latter parting with all dominion over the instrument and reserving no right to recall it or to alter its provisions, such third person has authority, after the death of the grantor, to deliver the deed to the person named as grantee, and, as between the grantor and grantee, and those claiming under them, the rights of third persons not intervening, the grantee's acceptance of the deed, though after the death of the grantor, constitutes a good delivery.

[6] ID. — DELIVERY AFTER DEATH — PRESUMPTION OF ASSENT OF GRANTEE DURING LIFETIME OF GRANTOR.—Where a grantor after

2. Delivery of deed as question of law or fact, note, **Ann. Cas.** 1914D, 108.

signing and acknowledging a deed delivered it to his attorney with instructions to deliver it to the grantee, without reserving any right to recall it, and the attorney did not make delivery until after the death of the grantor, the grantee's assent to the delivery during the lifetime of the grantor will be presumed from the acceptance after the grantor's death and from the fact that it is wholly beneficial to the grantee.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Henry M. Hurd for Respondents.

FINLAYSON, P. J.—This is an appeal by plaintiff as administrator of the estate of Wilbur F. Earl, deceased, who died intestate on December 29, 1915. Plaintiff's intestate was the grandfather and adoptive father of the defendant, Ethel Stella May Buster.

Wilbur F. Earl, something more than a year before his death, namely, on September 11, 1914, signed and acknowledged and left with his attorney, Henry M. Hurd, Esq., a deed to the property in controversy, wherein his granddaughter, Mrs. Buster, is named as the grantee. The deed, which was without any pecuniary consideration, recites that it is made for love and affection. Without doubt it was intended as a gift from the grandfather to his granddaughter. Plaintiff, as administrator of the estate of Wilbur F. Earl, deceased, alleging that the deed was never delivered, brought the action to have the instrument declared to be null and void. The answer put in issue the allegations of nondelivery. The lower court found that the deed was delivered, judgment, accordingly, was entered in favor of defendants, and plaintiff appeals.

The evidence bearing upon the one question in the case, that concerning the alleged nondelivery of the deed, is, in substance, as follows: The deed was prepared by the grantor's attorney, Mr. Hurd. After being signed and acknowledged by the grantor, it was left by him with his attorney for delivery to the grantee. Mrs. Buster testified in substance as follows: I was not present when the deed

was signed; I knew nothing about it until after it was recorded; I knew I was going to get the property, and I knew that grandpa had some papers made out, because he told me so; I learned that in the latter part of September, 1914, some time after the deed was actually made; he did not tell me it was a deed that he had made out; he said it was just some papers; grandpa said he thought he would have it made out in a deed, so there would be no mistake; nobody ever told me it was a deed; I must have known it was a deed; I did not have it in my possession until it was recorded, which was after grandpa had died; I told Senator Hurd to keep the papers for me. (The witness is here referring to a conversation, testified to by Mr. Hurd, that took place between him and Mrs. Buster during Mr. Earl's lifetime and in the latter's presence). Mr. Hurd testified in substance as follows: I prepared the deed; Mr. Earl acknowledged it before me as notary; I was present when it was signed; it was signed in my office; the deed was left with me at the time it was made; when it was signed Mr. Earl told me to give it to Mrs. Buster—the grantee; he told me that at the time he signed it; he told me to keep it and give it to her; he did not tell me to wait until after his death before giving it to her; I was instructed to deliver the deed to Mrs. Buster at once; I did not deliver it until after it was recorded; I recorded it on January 3, 1916, after Mr. Earl's death; I was not told not to deliver it or not to record it; the deed was in my possession from the time it was made until recorded. Mr. Earl was talking about giving Mrs. Buster his property, and I said, "Do you want to make a will?" and he said, "No, I want to deed it to her. I want Ethel to have it"; and he says, "Can you make that out?" and I said, "Yes." The proposition at that time in my mind was to leave the deed in escrow; I told him if he made the deed he never could have it, and he said he wanted her to have it; and I said, "Do you want the deed?" and he said, "No, just give it to her." Following that, I think in the latter part of September, as I was going to court, I met Mr. Earl and Mrs. Buster at the entrance to the building (referring, evidently, to the building in which the witness had his offices), and I spoke to them and I said, "How do you do,

Mr. Earl?" and he said, "I was just going up to see you," and I said, "What was it?" and he says, "I was going to give Ethel those papers," and I said, "All right, how soon do you get back?" He said, "Not for some time." I said, "I am just going to court and I will soon be back." She said, "All right, Mr. Hurd, you keep them for me." I said, "All right, Mrs. Buster, I will," and I hurried on to court. I kept the papers for her.

[1] It is the contention of appellant that the finding that the deed was delivered by the grantor and accepted by the grantee is contrary to the law and the evidence. The evidence must be considered on the theory that every reasonable inference deducible therefrom, and which is favorable to the court's finding that the deed was delivered, is an established fact. [2] Delivery or nondelivery is always a question of fact to be found from the surrounding circumstances of each transaction; and a finding that a deed has been delivered, if the finding is based upon an analysis of conflicting testimony or upon inferences reasonably deducible from the evidence, may not be questioned here.

[3] Delivery of a deed is, of course, an essential element of a valid transfer of title to real estate, and must take place during the life of the grantor; for a deed cannot be made to perform the functions of a will. But the delivery need not be to the grantee in person. The deed may be delivered to a third person to be by him delivered to the grantee. [4] Where the grantor, parting with all dominion and control over the deed, and intending it to take effect and pass the title as a present transfer, delivers it to a third person to be delivered to the grantee, and such person does deliver to the grantee, as authorized and directed by the grantor, there is a good delivery to the grantee, though the grantor be dead at the date of the last delivery. (*Sneathen* v. *Sneathen*, 104 Mo. 201, [24 Am. St. Rep. 326, 16 S. W. 497]; *Kelly* v. *Woolsey*, 177 Cal. 325, 335, [170 Pac. 837]; *Carr* v. *Howell*, 154 Cal. 372, 381, [97 Pac. 885]; *Nelson* v. *Colton*, 36 Cal. App. 69, 79, [171 Pac. 701].)

Earl, after signing and acknowledging the deed, gave it to his attorney with directions to give it to the grantee. No conditions whatever were attached to this delivery of the deed to the grantor's attorney. The grantor parted

with it without any reservation or condition. Moreover, it is a justifiable inference from the evidence that Earl had formed a determination to convey this property to his granddaughter, and that the deed was signed and acknowledged by him pursuant to that formed and expressed design. These circumstances show quite conclusively that when he delivered the deed to his attorney he parted with all control over it, and intended that it should operate as a present transfer of the title to the land.

Appellant's chief contention appears to be that the grantee's assent during the lifetime of the grantor has not been shown. [5] He concedes, as indeed he must, that where a deed is delivered to a third person with instructions to deliver it to the grantee upon the death of the grantor, the latter parting with all dominion over the instrument and reserving no right to recall it or to alter its provisions, such third person will, in such case, have authority, after the death of the grantor, to deliver the deed to the person named as grantee, and, as between the grantor and grantee, and those claiming under them, the rights of third persons not intervening, the grantee's acceptance of the deed, though after the death of the grantor, will constitute a good delivery. But, says appellant, here the grantor did not authorize his agent to deliver the deed after his death, but to make immediate delivery to the grantee. Hence, says counsel for appellant, Hurd's agency was dissolved by the grantor's death, his authority to deliver the deed thereupon terminated, and, as no assent by the grantee or manual tradition to her was given or made during the grantor's lifetime, the deed never became operative—citing, among other cases, *Furenes* v. *Eide,* 109 Iowa, 511, [77 Am. St. Rep. 545, 80 N. W. 539].

Without doubt, a deed, to be effective, must be delivered, actually or constructively, to the grantee, or to some person for his use, during the lifetime of the grantor. A deed is to be deemed constructively delivered "where it is delivered to · a stranger for the benefit of the grantee, and his assent is shown, *or may be presumed.*" (Civ. Code, sec. 1059, subd. 2.) For reasons presently to be stated, we incline to the view that, under the circumstances of this case, the grantee's assent during the lifetime of the grantor may be "presumed"—not inferred as a fact, but

*presumed* as a matter of law, within the meaning of the above-quoted code provision. However, be this as it may, we are quite satisfied that the grantee's actual assent, during the lifetime of the grantor, has been shown.

It has been held in this jurisdiction and elsewhere that, as between the grantor and grantee, or those claiming under them, and in the absence of the rights of third persons superior to those of the grantor, the grantee's assent to a deed delivered to a third person for delivery to the grantee, made after such tradition to the third person, constitutes a full and complete delivery to the grantee as of the date of the manual tradition to the depositary. Under the doctrine of relation, the grantee's subsequent assent to or acceptance of the deed relates back to the date of the delivery to the depositary and makes such tradition to the latter and the grantee's subsequent assent contemporaneous. (*Hibberd* v. *Smith,* 67 Cal. 547, 561, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Kelly* v. *Woolsey, supra; Fischer Leaf Co.* v. *Whipple,* 51 Mo. App. 181, 184; note to *Munro* v. *Bowles,* 54 L. R. A. 890.) In *Kelly* v. *Woolsey, supra,* it is said: "Where a grantor intends that the deed executed by him shall operate as a present transfer of title, and delivers it to a third person without condition, the title passes *as of the date of the delivery to such third person,* although the deed is not actually delivered to the grantee until after the grantor's death." (Italics ours.) It also is held, with few, if any, exceptions, that there is a presumption of acceptance by the grantee of a deed beneficial to and imposing no burdens upon him, delivered to a third person for his benefit. (*De Levillain* v. *Evans,* 39 Cal. 120; *Bryan* v. *Wash,* 2 Gilm. (Ill.) 557, 565; *Rivard* v. *Walker,* 39 Ill. 413; *Holcombe* v. *Richards,* 38 Minn. 38, [35 N. W. 714]; note to *Munro* v. *Bowles, supra,* p. 892.) In *Bryan* v. *Wash, supra,* the court stated the rule as follows: "The delivery may be made by the grantor himself or by anyone authorized to make the delivery, nor is it indispensable that the delivery be made to the grantee, or even to any person authorized by the grantee to accept the deed, and if the delivery be made to a stranger, for and in behalf of the grantee, and to his use, it is a good delivery, although the grantee may in truth be entirely ignorant of the convey-

ance, for, if the delivery be absolute, the assent of the grantee is presumed from the fact that the conveyance is beneficial to him.''

[6] In the light of these legal principles, we incline to the view that, the grantor having unconditionally delivered the deed to Mr. Hurd, without any right to recall it, and it being wholly beneficial to the grantee, and the latter having actually accepted it from Mr. Hurd after the death of the grantor, her assent to the delivery, during the lifetime of the grantor, even though she then had no knowledge that the instrument was a deed, will be presumed as a matter of law. (See *Standiford* v. *Standiford*, 97 Mo. 231, [3 L. R. A. 299, 10 S. W. 836]; *Miller* v. *Meers*, 155 Ill. 284, [40 N. E. 577]; *Winterbottom* v. *Pattison*, 152 Ill. 334, [38 N. E. 1050]; *McCutchen* v. *McCutchen*, 9 Port. (Ala.) 650; *Buffum* v. *Green*, 5 N. H. 71; *Phillips* v. *Houston*, 50 N. C. 302; *Sneathen* v. *Sneathen*, *supra*.)

However, regardless of whether Mrs. Buster's assent during the lifetime of the grantor may be presumed as a matter of law from the fact that the deed was wholly beneficial to her and was accepted by her after the grantor's death, we are satisfied that, under all the facts of the case, viewed in the light most favorable to the finding of the lower court—and, under the well-known rule, that is the light in which we must consider the evidence—her actual assent to the deed during the grantor's lifetime has been shown. When she and her grandfather met Mr. Hurd at the entrance to the building in which Mr. Hurd had his offices, and after the latter had told the grandfather that he could not at that time get him the papers (referring to the deed) to give them to his granddaughter, for the reason that he was then on his way to the courthouse, Mrs. Buster, addressing Mr. Hurd, said, ''All right, Mr. Hurd, you keep them for me.'' This was said in the presence of, and presumably with the assent of, the grantor. Mr. Hurd testified that thereafter he did keep the papers for her. Then and there Mrs. Buster assented to a delivery to her of this deed. By making Hurd her agent, and the custodian of the papers for her, his possession thereupon became and was her possession, and, *eo instanti*, there was an actual delivery to her. True, she testified that she was not sure that the instrument was a deed. She does

say, however, that she "must have known it was a deed." She testified that her grandfather had told her he had made out some papers, and that she knew she was going to get the property. So that, regardless of whether she knew that it was a deed that Mr. Hurd held in his possession, she did know that he had the custody for her of some paper or papers under which she was to get the property. She agreed to accept those papers, whatever they might prove to be, and when she told Mr. Hurd to hold the papers for her, she assented to their final and complete delivery, whatever might be their nature.

Judgment affirmed.

Thomas, J., and Weller, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1921.

All the Justices concurred.