[L. A. No. 9626. In Bank.—December 21, 1928.]

W. D. RAWSON, Respondent, v. J. C. FORKNER FIG GARDENS, INC. (a Corporation), Appellant.

Hill, Morgan & Bledsoe and A. S. Montague for Appellant.

Fred Mansur for Respondent.

THE COURT.—This appeal was submitted upon an order to show cause, the respondent having failed to present or file a brief herein. The order appealed from was an order denying a motion for change of place of trial from the county of Los Angeles to the county of Fresno, the motion therefor having been based upon the ground that the action had been commenced in the wrong county and having been duly made at the time of the presentation and filing of the defendant's demurrer. The action was one for money claimed to be due from the defendant corporation to plaintiff as commissions for the sale of certain real property under a written contract executed between the parties to this action, a copy of which contract was attached to the complaint. The property in question was located in the county of Fresno. The principal place of business of the defendant corporation was in the county of Fresno. The contract in question related to services to be performed by the plaintiff in the county of Fresno and when the same was to be executed it was signed by the president of the defendant corporation and also by the plaintiff in the city of Los Angeles, and was thereupon delivered to a bank in Los Angeles for transmission to a branch of said bank in the city of Fresno for the purpose of having said contract further executed, as required by the by-laws of said corporation through the attestation thereof by the secretary of said corporation and the affixing of the corporate seal. These latter acts, completing the execution of the contract, were performed in the city of Fresno and at the office and principal place of business of said corporation located therein. ■ The provisions of the contract not having been performed, according to the

averments of the plaintiff's complaint, he commenced this action, for the commissions claimed to be due thereon, in the county of Los Angeles; whereupon the defendant duly moved for a change of place of trial to the county of its residence, and it is from the denial of said motion that this appeal is taken.

The law with relation to the place of trial of actions of this character, wherein a corporation or association is made defendant, is set forth in section 16 of article XII of the state constitution, which declares that "a corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." The contract in question must be held to have been made where the last act required for the completion of its execution was performed. (*Hammond* v. *Ocean Shore Development Co.*, 22 Cal. App. 167 [133 Pac. 978]; *Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023].) This, as we have seen, was in the county of Fresno. The contract was, by its terms, to be performed in the county of Fresno, and it was in that county also where its obligation or liability arose and where its breach occurred. The principal place of business of the defendant corporation was also located in the county of Fresno and not elsewhere. It thus appears that every condition set forth in the foregoing provisions of the constitution was complied with in so far as these related to the commencement of an action of this character against a corporation. The defendant was thus entitled upon the face of his motion and demand therefor to a change of place of trial to the county of Fresno, and the trial court was in error in its denial of the defendant's motion for such change of venue.

The order is reversed.