[Civ. No. 9036. Second Appellate District, Division Two.—December 29, 1934.]

HICKEY PIPE AND SUPPLY CO. (a Corporation), Respondent, v. GERALD FITZGERALD, Appellant.

Hickcox, Thomson & O'Connor for Appellant.

Frank Lober for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of plaintiff against defendant, the appellant, for goods furnished to a third person upon an alleged guaranty. The appellant signed and delivered to respondent an instrument

in writing, which for brevity's sake is set out herein in substance only, as follows: (1) In consideration of your extending credit at our request to San Vicente Oil Company, in which company I am financially interested, and for value received I guarantee the payment to you of all its indebtedness, now, heretofore or hereafter incurred; (2) I waive notice of acceptance of this guaranty, notice of sales, and/or indebtedness incurred, and notice of credit given; (3) This guaranty is a continuing one and shall remain in force until written revocation is received by you; (4) Such revocation shall only affect indebtedness thereafter incurred.

Appellant's first contention is that this instrument constituted a mere offer and of itself imposed no obligations on appellant. Nevertheless when the respondent acted upon it and extended the credit it became a completed contract. The acceptance by respondent was evidenced by the furnishing of goods on credit, and the instrument expressly waived notice of acceptance. (*Herron Co.* v. *Flack*, 46 Cal. App. 374 [189 Pac. 294].) Neither was it an essential to the validity of the contract that it be signed by respondent. (Civ. Code, secs. 2787 and 3388; *Gelfan* v. *Bessolo*, 125 Cal. App. 214 [13 Pac. (2d) 793].)

Appellant's second contention is that a fair construction of the words "at our request" as used in the instrument is that appellant would thereafter make requests of respondent to furnish goods to the oil company and, if and when said requests were made, upon respondent's furnishing the goods he would be bound. We do not think so. The whole contract must be taken together; and to adopt such construction would be to ignore and violate subdivisions 2, 3 and 4 of the guaranty as set out above. A fair construction in the light of the entire contract is to hold that the "request" was being acknowledged in the same way and in the same sentence that "value received" was acknowledged.

Appellant's last contention is that since he never requested respondent to supply any of the goods after executing the instrument he is not liable under its tenure. This contention falls, however, with appellant's second contention.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.