[Civ. No. 18166. First Dist., Div. One. Apr. 27, 1959.]

PACIFIC NATIONAL BANK OF SAN FRANCISCO (a National Banking Association), Respondent, v. COVINGTON INVESTMENT COMPANY (a Corporation) et al., Appellants.

Levoy, Miller & Salinger, Harry J. Miller and Thelen, Marrin, Johnson & Bridges for Appellants.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson for Respondent.

BRAY, P. J.—Defendants appeal from an order denying their motion for change of venue from San Francisco to Los Angeles.

QUESTION PRESENTED

Sufficiency of evidence to support court's finding that the contract was entered into in San Francisco.

### Record

Plaintiff's complaint alleged that its principal place of business is in San Francisco; that in consideration of making loans to Pacific Ports Industries, Inc., defendant Covington Investment Company executed a guaranty in plaintiff's favor, and in consideration of plaintiff's acceptance of Covington's guaranty the individual defendants executed to plaintiff a special guaranty of Covington's performance. In reliance upon said guaranties plaintiff made loans to Pacific Ports upon which there is an unpaid balance of $88,337.57 plus $3,519.61 interest. The complaint alleges that the obligations of defendants were incurred and to be performed in San Francisco.

Defendants moved for change of venue to Los Angeles upon the grounds that the individual defendants are residents of Los Angeles; that Covington's principal place of business is there, and that the contracts sued upon were entered into and to be performed there.

Affidavits and counteraffidavits were filed. There is very little conflict in the facts, although the parties draw different inferences from them. Where there is conflict, the trial court resolved that conflict in favor of plaintiff. As there is substantial evidence to support the trial court's determination, we are bound by it. (*Crofts & Anderson* v. *Johnson* (1950), 101 Cal. App.2d 418 [225 P.2d 594]; *Hale* v. *Bohannon* (1952), 38 Cal.2d 458 [241 P.2d 4]; *Clapp* v. *Kramer* (1958), 162 Cal. App.2d 237, 238 [328 P.2d 510].) Pacific Ports' principal place of business is in Alameda County; Covington's is in Los Angeles. Defendants Smookes are officers of Covington and residents of Los Angeles. Burkhim and DeMarcus are officers of Pacific Ports. In Los Angeles DeMarcus acting on behalf of Pacific Ports solicited Covington and the Smookes to guaranty any loans by plaintiff to Pacific Ports. Two instruments of guaranty were signed, one by Covington, the other by the Smookes. The Covington guaranty provided that in consideration of loans by plaintiff to Ports, Covington guaranteed their payment provided that notes of Ports to plaintiff must first be approved by Covington. The Smookes' guaranty provided that in consideration of the acceptance by plaintiff of the Covington guaranty the Smookes guaranteed the performance by Covington of its guaranty. Both instruments were signed in Los Angeles and handed to DeMarcus there. One of plaintiff's officers had stated to DeMarcus that the form of the documents was satisfactory to plaintiff and told DeMarcus to take them to Los Angeles for the Smookes' signatures. The consents of

Pacific Ports to the guaranties were signed in Alameda County. Covington's approval of the Pacific Ports notes to plaintiff was signed in Los Angeles and mailed to plaintiff at San Francisco, where its only place of business is. Neither the letter of approval nor either of the guaranties provide for performance by defendants in San Francisco nor any place of performance. DeMarcus delivered the guaranties to plaintiff in San Francisco. Plaintiff claimed and the court found that DeMarcus was not an agent of plaintiff nor did he receive the documents for the bank. The court found that as between plaintiff and the defendant guarantors the contracts were entered into in San Francisco by plaintiff making loans to Pacific Ports, thereby accepting defendants' guaranties. The court found that there was a third contract, this one between Pacific Ports, Covington and Burkhim relating to guaranty in which it was agreed that performance of any acts under that agreement was to be in Los Angeles County (defendants refer to it as a "guaranty assistance" contract), but plaintiff was not a party thereto nor did its officers know its contents nor was it a part of the transaction with plaintiff. (There is a conflict in the affidavits as to plaintiff's knowledge of the existence of this contract. However, the court resolved that conflict in favor of plaintiff.)

### Where Were the Contracts Entered Into?

We are concerned here not with this question as it appertains to the rights between Pacific Ports and the guarantors, but between the guarantors and plaintiff. Plaintiff was not a signatory to either contract. So far as plaintiff is concerned the guaranties were mere offers to guaranty performance by Pacific Ports in the event that plaintiff should see fit to make loans to Pacific Ports based on the guaranties. These loans were to be and were made and payable in San Francisco. The acceptance of the offers was made in San Francisco by the making of the loans thereby guarantied. Thus the contract between plaintiff and defendants was entered into in San Francisco, bringing the case within that provision of section 395, subdivision 1, Code of Civil Procedure, which provides that the place of trial where there is nothing in the contract stating the place where it is to be performed (see *Dawson* v. *Goff*, 43 Cal.2d 310, 314 [273 P.2d 1]) is "the county . . . in which the contract in fact was entered into . . . and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed . . ."

■ We adopt the following portion of the excellent opinion by the trial judge, Honorable Preston Devine:

"The place of making a contract is the place where the last act necessary to its validity was performed. (*Rawson v. J. C. Forkner Fig Gardens, Inc.*, 206 Cal. 4, 6 [272 P. 1057]; *Ward Mfg. Co. v. Miley*, 131 Cal.App.2d 603 [281 P.2d 343]; *Marchese Bros. v. A. Lyon & Sons, supra*, at 198 [123 Cal.App. 2d 193 (266 P.2d 556)]; *Johnson v. Banta*, 87 Cal.App.2d 907, 909 [198 P.2d 100].) The last act usually is the act constituting the acceptance. (Witkin, Calif. Procedure, vol. 1, p. 734, § 223 (1954 ed.).)

"It is the contention of defendants that the act of signing and handing the guaranty contracts to DeMarcus in Los Angeles constituted acceptance, and it is the contention of plaintiff that acceptance was the action of the Bank in making the loans in San Francisco.

"It is my conclusion that Bank's position is the correct one. No doubt it seems to Smookes that theirs was the last act, because the guaranty contracts were complete as to form when they were asked to sign. Their signature and delivery, when they were requested to sign, seems, at first glance, to partake of the nature of acceptance rather than of offer, and must, in the light of the circumstances, continue, in the eyes of the guarantors, to be the giving of consent, rather than the inviting of acceptance by another. But this results from the fact that the solicitation of the guaranty by DeMarcus was on behalf of Ports. So far as Bank was concerned, Smookes were *offering* to guaranty loans which might or might not be made. Bank still (a) must have Covington's approval before any loans would be guaranteed; and (b) could refuse to make any loan that would be applied for.

"When the documents, signed by Smookes, were handed to DeMarcus, there was as yet no performance required of either party. Bank was not obliged to lend, and until Bank should lend, Smookes had no obligation to do anything. It was the making of the loans, after approval by Covington, which made effective the promise of Smookes.

"In *Hickey Pipe etc. Co. v. Fitzgerald*, 3 Cal.App.2d 389 [39 P.2d 472], an offer of guarantee was held to have been accepted by the furnishing of the goods. Although it was not a venue case, nevertheless the principle relating to acceptance applies.

■ "That a guaranty is a mere offer to pay a prospective debt if the promisee extends the credit appears from *Herron*

*Co.* v. *Flack,* 46 Cal.App. 374 [189 P. 294], and *Murphy* v. *Luthy Battery Co.,* 74 Cal.App. 68, 76 [239 P. 341].

"The case of *Dawson* v. *Goff, supra* [43 Cal.2d 310 (273 P.2d 1)] is to be distinguished in this respect: In that case, the option agreement was accepted in San Diego County by the optionee—both parties signed there. Consideration was not expressed, but was presumed because the contract was in writing. In the case before me, the consideration was the acceptance of the Covington guaranty by Bank. There was no acceptance thereof in Los Angeles. The acceptance occurred when the loans were made in San Francisco."

Defendants cite cases like *Carr* v. *Howell,* 154 Cal. 372 [97 P. 885], *Kelly* v. *Woolsey,* 177 Cal. 325 [170 P. 837], *Herman* v. *Mortensen,* 72 Cal.App.2d 413 [164 P.2d 551], and *Neely* v. *Buster,* 50 Cal.App. 695 [195 P. 736], for the proposition that delivery of deeds or contracts to one for the benefit of another, implies acceptance by the latter. However, those cases deal with deeds or completed agreements. They do not deal with agreements of the type involved here where there was no completed agreement at the time of delivery to DeMarcus and where, as here, the decision to take on certain burdens has not yet been made by the promisee. In such cases acceptance cannot be held to follow from the mere handing of the documents to a third person who is not authorized to act for the person who must determine whether or not to accept the burden required by the contract.

The order is affirmed.

Wood (Fred B.), J., and Hanson, J. pro tem.,* concurred.

A petition for a rehearing was denied May 25, 1959, and appellants' petition for a hearing by the Supreme Court was denied June 25, 1959. Dooling, J. pro tem., participated therein in place of Traynor, J. Schauer, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.