[Civ. No. 6019.   Fourth Dist.   May 20, 1959.]

PAUL K. MEYER, Respondent, v. THE BURDETT OXY-GEN COMPANY OF CALIFORNIA (a Corporation), Appellant.

Aaron Levinson and Albert E. Marks for Appellant.

Deadrich, Bates & Stewart and Kenneth H. Bates for Respondent.

GRIFFIN, P. J.—Plaintiff, cross-defendant and respondent, an individual doing business as Bakersfield Welding Supply, brought an action for declaratory relief in Kern County, seeking a declaration of the respective rights and duties of plaintiff and defendant, cross-complainant and appellant, the Burdett Oxygen Company of California, a corporation, in respect to a written contract for the purchase and sale of various industrial gases between defendant corporation and plaintiff herein. A copy of the written contract was attached to the complaint. Defendant answered and filed a cross-complaint seeking reformation of the contract in respect to the paragraphs in issue. Defendant also filed a motion for change of venue to Los Angeles County on the grounds that defendant corporation's principal place of business was in that county; and that the contract was made, was to be performed in, and that the obligation or liability thereunder arose in Los Angeles County. The two paragraphs of the written agreement are to the effect that products purchased would not be resold by purchaser and upon the violation of said agreement in this respect, the purchaser agreed to pay seller liquidated damages of 75 cents for each 100 cubic feet of gas which purchaser secured from any other source. It is alleged that plaintiff believes defendant asserts all oxygen and gases required by plaintiff for use on plaintiff's own premises or for resale or retail to other users must be furnished from defendant, and defendant further asserts that if plaintiff purchased gases from any other source for resale to others, plaintiff would become obligated under the liquidated damage provision of the contract. The prayer is that the court declare their respective rights in such a way that plaintiff may purchase such gases from others without such penalty.

In addition, the contract, in substance, provides that defendant company (seller) agrees to sell to plaintiff purchaser certain described gases from August 29, 1956, to August 29,

1961, f.o.b. seller's plant in Huntington Park, Los Angeles County, California. It is signed:

| "PURCHASER'S SIGNATURE | SELLER'S SIGNATURE |
|---|---|
| "Bakersfield Welding Supply Co. | The Burdett Oxygen Company of California |
| "By Paul K. Meyer | By Charles Cotten |
| "Title Owner. | Accepted by P. Zeedik (Authorized Signature)" |

Defendant's answer and cross-complaint alleged that a certain described paragraph in said agreement which might indicate it was not an exclusive purchase agreement, was left in said agreement by mutual mistake of both parties and accordingly it should be stricken. The complaint alleges the above-mentioned agreement was *entered into* at Bakersfield. The answer admits it was entered into on the date alleged but denies other allegations. P. Zeedik, Assistant General Manager of the defendant corporation, filed his affidavit of merits in support of defendant's motion and also stated that defendant corporation's principal place of business was at Huntington Park; and that its articles of incorporation so stated. He averred that the contract attached to the complaint was *made* in Los Angeles County; that it was first signed by plaintiff; that thereafter it was accepted by defendant in Los Angeles County and he, acting for defendant, then and there affixed his signature to it; that said contract was to be and has been performed in Los Angeles County; that deliveries are made f.o.b. Huntington Park, and that payments are made by plaintiff to defendant at this same address; that the obligation and/or liability arises in Los Angeles County and said agreement is still in existence and no breach has occurred.

Plaintiff Meyer's affidavit states he was engaged in business in Bakersfield; that on August 29, 1956, at said place of business, the contract entitled "Service Agreement" was *executed* and *signed* by him as owner and also by P. Zeedik, the agent and representative of defendant corporation, and at the time of the signing and execution thereof said agent was in plaintiff's office in Bakersfield and there was then no suggestion made to him that the contract required any further acceptance or approval. It is therefore argued that the contract was in fact made and executed in Kern County, that the liability for any breach which would impose a penalty

of liquidated damages would thereby arise only in Kern County; that accordingly, the obligation under the contract arose in that county and under article XII, section 16 of the California Constitution Kern County is a proper place for the trial of the action.

In reply, Charles Cotten, Sales Manager of defendant corporation, by affidavit stated that the contract was made in Los Angeles County on August 29th, as described by Zeedik, and that he thereafter mailed it to plaintiff, together with a letter stating: "Thank you very much for the industrial gas contract which you recently signed. Your copy of this agreement is enclosed herewith so that you may retain same in your files."

On this appeal defendant argues that the uncontradicted showing is that said corporation has its principal place of business in Los Angeles County; that the contract was signed by the agents of the corporation there, and delivery to plaintiff was made therein by depositing it in the mail in Los Angeles County; and that the contract was to be performed and the obligations thereunder arose in that county and therefore venue was in said county and the court erred in refusing to so hold, citing *Rawson* v. *J. C. Forkner Fig Gardens, Inc.*, 206 Cal. 4 [272 P. 1057]; Civil Code, section 1626; *Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal.App. 301, 306 [262 P. 452]; and California Constitution, article XII, section 16.

Plaintiff contends the evidence, though conflicting, shows the contract was made and executed in Kern County by and between plaintiff and defendant's authorized agent; that since the trial court made a determination of this issue such determination cannot be disturbed on appeal; that the liability for claimed liquidated damages, in case of a breach, arose in and was made payable in Kern County, and accordingly the court's order was proper, citing such authority as *Lakeshore C. Co.* v. *Modoc etc. Co.*, 108 Cal. 261 [41 P. 472]; and *Carnation Co.* v. *El Rey Cheese Co.*, 88 Cal.App.2d 857 [200 P.2d 19], where the general rule is stated to be that under section 395, subdivision (1) of the Code of Civil Procedure, actions falling within its provisions must generally be tried in the county where defendants or some of them reside at the commencement of the action, but where the action is based on a contract whereby the defendant has contracted to perform an obligation in a particular county, such action may be tried in the county where the obligation is to be

performed, the county where the contract was entered into, or the county of defendant's residence, and in the absence of a special contract in writing to the contrary, the county where the obligation was incurred is deemed to be the county where it is to be performed.

Article XII, section 16 of the California Constitution provides:

"A corporation or association may be sued in the county where the contract is *made* or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Italics ours.)

In *Marchese Bros.* v. *A. Lyon & Sons*, 123 Cal.App.2d 193 [266 P.2d 556], it was held that Code of Civil Procedure, section 395, subdivision 1, declaring that "when a defendant has contracted to perform an obligation in a particular county" venue of an action for the breach of the obligation may be in that county, does not apply to the obligations of the plaintiff.

The pivotal question is, where was the contract here involved made? The general rule is that where an action is brought against a corporation in a county other than where its principal place of business is located the burden is on the plaintiff, on an application for change of venue, to show that the contract *was made*, or was to be performed, or that the obligation arose or the breach occurred, in the county where the suit was brought. (*Hammond* v. *Ocean Shore Development Co.*, 22 Cal.App. 167 [133 P. 978].) If we accept defendant's affidavits as true, in respect to the signing and mailing of the agreement, an order changing the place of trial might be reasonably supported under the authorities cited by it. However, the evidence on the subject of the signing of the contract by the several parties is conflicting, the conflict being as to the county in which the signature of Zeedik was written. For all that appears, he was an agent of defendant corporation duly authorized to *accept* the contract on behalf of it. It was previously signed by plaintiff. Although there was a blank space in said contract for the signature of one other person, it does not appear from the evidence that any additional signature was required in order to bind the defendant corporation. Under the circumstances, the trial court was authorized in holding that the contract was made in Kern County.

Where a motion for change of venue is made and determined on allegations of a verified complaint and affidavits of the respective parties, all conflicts must be resolved in favor of the prevailing party and all reasonable inferences which are to be drawn must be in support of the order. (*Hale v. Bohannon*, 38 Cal.2d 458 [241 P.2d 4].) See also *Pacific National Bank* v. *Covington Investment Co.*, 169 Cal.App. 2d 868 [338 P.2d 56]; *Dawson* v. *Goff*, 43 Cal.2d 310 [273 P.2d 1], and cases cited.

In *Shores* v. *Chip Steak Co.*, 130 Cal.App.2d 620 [279 P.2d 591], it was held that on a motion for change of venue, a complaint which seeks declaratory exoneration of the plaintiff from liability asserted by defendant must be viewed as if defendant were plaintiff attempting to enforce that obligation.

Order affirmed.

Mussell, J., and Shepard, J., concurred.