[Civ. No. 19483. First Dist., Div. Three. Feb. 5, 1962.]

CHARLES HOLLOPETER et al., Plaintiffs and Respondents, v. ROBERT BURDETTE ROGERS, Defendant and Appellant.

Robert H. Aarons and Robert J. Johnston for Defendant and Appellant.

Gregory S. Stout, in pro. per., and Arthur Andreas for Plaintiffs and Respondents.

SALSMAN, J.—The defendant appeals from an order denying his motion for a change of venue.

The defendant, while in custody in Marin County, signed a written contract with the plaintiffs whereby he retained them as his attorneys and agreed to pay them certain sums as their fees. One of the plaintiffs has his offices in Los Angeles County and the other has his offices in the City and County of San Francisco. The plaintiffs brought their suit in Marin County to recover a claimed balance due under the contract. The complaint was not verified but alleged that the written contract between the parties was entered into in Marin County. The defendant filed a verified answer and counterclaim, and a motion for a change of venue supported by his own declaration and by a declaration of one Harvey H. Rogers. The plaintiffs filed no affidavits in opposition to the defendant's motion.

It is conceded that the defendant is a resident of Los Angeles County. The plaintiffs, however, seek to retain venue in Marin County, and rely upon that portion of section 395 of the Code of Civil Procedure which reads: ''When a defendant has contracted to perform an obligation in a par-

ticular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

In construing this portion of section 395 of the Code of Civil Procedure it was said in *Armstrong* v. *Smith*, 49 Cal. App.2d 528, 532 [122 P.2d 115] : ''What the legislature has in substance said is that all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action.'' Here it is admitted that the defendant is a resident of Los Angeles County. There remains, therefore, only the two possible grounds upon which venue may be retained in Marin County, namely, first, that the contract was made in Marin County, and second, that the defendant has contracted specially to perform the contract in Marin County.

No serious contention can be made that the contract in question provides specially for defendant's performance in Marin County. On the contrary, one paragraph of the contract suggests that the defendant's performance is to take place in Los Angeles County. That paragraph reads: ''I hereby direct any person holding a general or special power of attorney by me, and who holds title to any properties which belong to me, to carry out the terms and provisions of this agreement.'' The declarations of the defendant establish that the written contract followed an oral contract of employment of the plaintiffs which the declarations state was made in Los Angeles County. The declarations further state that the plaintiffs knew that Harvey H. Rogers was the person intended by reference in the written contract to make performance thereof, namely, the payment of plaintiffs' retainers and fees. Pursuant to this clause in the written contract a retainer fee of $2,500 was paid to each of the plaintiffs in Los Angeles County. Thus, a substantial portion of the defendant's required performance has in fact already taken place in Los Angeles County, and the inference from the contract, supported by the uncontradicted declarations of the defendant, indicate that such other per-

formance of the defendant as may be required is to take place in Los Angeles County also.

Thus, the only possible basis for retaining plaintiffs' action in Marin County is the claim that the contract was made and entered into in that county.

In considering the defendant's motion the trial court had before it the bare allegations of the unverified complaint, opposed by the allegations of the answer, the counterclaim, the defendant's declaration in support of his motion, and the declaration of Harvey H. Rogers, all made under the penalty of perjury. Thus, the defendant's motion was virtually unopposed.

It is the rule that where the plaintiff seeks to lay venue in a place other than that of the defendant's residence he must clearly show that the action is one triable outside of the county of defendant's residence. (*Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557]; *Meadows* v. *Emett & Chandler,* 99 Cal.App.2d 496 [222 P.2d 145]; *Sheeley* v. *Jones,* 192 Cal. 256 [219 P. 744].)

The bare allegations of the plaintiffs' unverified complaint, alleging that the contract was made and entered into in Marin County do not establish any fact, and the complaint may not be used to contradict the allegations of the defendant's declarations made under the penalty of perjury. If the complaint had been verified its use as an affidavit in opposition to the defendant's motion would have been proper. (*E. C. Livingston Co.* v. *Blythe etc. Assn.,* 139 Cal.App.2d 161 [293 P.2d 96]; *White* v. *Kaiser-Frazer Corp.,* 100 Cal. App.2d 754 [224 P.2d 833]; 2 Witkin, California Procedure, p. 1198.)

The declarations of the defendant show that although he signed the document in Marin County, at least one of the plaintiffs did not. It is uncontradicted that the plaintiff Hollopeter signed in Los Angeles County. When and where the plaintiff Stout signed does not appear. It is a reasonable inference from the entire contents of the defendant's declarations that Hollopeter was the last to sign. Beneath the lines on which both plaintiffs signed were typed the words "I accept," which suggests that both plaintiffs signed after the defendant had affixed his signature.

It is settled that the place of making a contract is the place where the act of acceptance occurs. (*Elsinore Union etc. Sch. Dist.* v. *Kastorff,* 129 Cal.App.2d 60 [276 P.2d 112]; *Marchese Bros.* v. *A. Lyon & Sons,* 123 Cal.App.2d 193 [266

P.2d 556] ; *Pacific Nat. Bank* v. *Covington Inv. Co.*, 169 Cal. App.2d 868 [338 P.2d 56].) Here the only evidence before the court is to the effect that the final act of acceptance by the plaintiffs took place in Los Angeles County. There is no evidence to show that the plaintiffs accepted the contract in Marin County.

We conclude, therefore, that there is no special provision in the defendant's contract calling for its performance in Marin County, and there is no evidence to indicate that the contract was made and entered into in Marin County. It follows, therefore, that the county of defendant's residence is the proper county for the trial of the action.

The order denying the defendant's motion for a change of venue is reversed.

Draper, P. J., and Devine, J., concurred.