[S. F. No. 18461.   In Bank.   Feb. 21, 1952.]

A. M. BLUMER, Respondent, v. KIRKMAN CORPORATION (a Corporation) et al., Appellants.

Mason Bailey, Walker Peddicord and Alfred Nelson for Appellants.

William H. MacKay for Respondent.

EDMONDS, J.—Kirkman Corporation and Kirkman Nurseries, each of which is a corporation, have been sued to recover the purchase price of goods sold and delivered. The appeal is from an order denying their motion for a change of venue.

By his verified complaint, filed in the city and county of San Francisco, A. M. Blumer charges that, in Madera County, he sold and delivered to the two appellants certain quantities of fertilizer for an agreed amount. Payment was to be made to him at his San Francisco office when the Kirkmans' next peach crop was marketed. At the time of filing the complaint, the crop had been sold.

By other allegations of the complaint, it is claimed that the corporations are indebted to Blumer for the purchase price of the fertilizer, and although he "has frequently demanded payment thereof defendants and each of them have refused and neglected to pay said sum or any part thereof." The seller pleads that the sale "in all respects complied with all of the provisions of law contained in division 5, chapter 7 of the Agricultural Code."

The corporations filed a general demurrer to the complaint and, at the same time, a notice of a motion for change of venue. The stated grounds for the motion are: (1) Neither corporation is a resident of the city and county of San Francisco; (2) Each of them has its principal place of business in San Joaquin County; and (3) The alleged obligation was entered into in Madera County, and that is the place of performance. The affidavit of William T. Kirkman, Jr., president of both corporations, in support of the motion, states the same facts as are pleaded in the notice.

The affidavit of Karl Snow in opposition to the motion asserts that Blumer is a resident of San Mateo County with his office and place of business in San Francisco. Kirkman, it is said, knew this fact. The shipment of fertilizer was specified and agreed upon by the parties in a letter written by Blumer, mailed to Kirkman, and received by them.

According to the affidavit, the letter reads in part: "For sake of office record I hereby confirm having last week booked your order to commence shipping Agricultural Mineral Flue Dust . . . to your peach orchard near Madera . . .

"It is understood that you will pay for above at the latest in the course of next year as you market your peach crop, and that you may possibly send in a payment on account in the course of this winter."

As grounds for reversal of the order, the corporations con-

tend that: (1) The contract, as a matter of law, was made in Madera County, performance was to be rendered there, and the breach, if any, occurred there; (2) section 395 of the Code of Civil Procedure requires that Madera County be deemed the place of performance in the absence of a special contract in writing to the contrary; and (3) The complaint fails to state a cause of action permitting the action to be retained in San Francisco. Blumer takes the position that there is evidence sufficient to support the implied finding that the contract was both made and to be performed in San Francisco. He construes section 395 of the Code of Civil Procedure as being inapplicable to an action against a corporation.

The complaint alleges that Blumer "sold and delivered to defendants at a place near Madera" certain merchandise. In Kirkman's affidavit, he declares that the contract was entered into in Madera County. Blumer's affidavit does not deny that fact; as he relates the situation, the shipment was made in accordance with his letter. However, by the terms of the letter, it is not a contract but a confirmation of a previous agreement. This evidence, and Blumer's allegation in the complaint as to the place of sale, conclusively show that the contract was made in Madera County.

However, if Kirkman's obligation was to be performed in San Francisco, the action was properly filed there. (Const., art. XII, § 16; *Hale* v. *Bohannon, ante,* p. 458 [241 P.2d 4]; *Walker* v. *Wells Fargo Bank & Union Trust Co.,* 8 Cal.2d 447, 449-450 [65 P.2d 1299]; *Cook* v. *W. S. Ray Mfg. Co.,* 159 Cal. 694, 696-697 [115 P. 318].) The corporations assert that the language of the letter, "you may possibly send in a payment," amounts to a designation by Blumer that performance is to be rendered by mailing a remittance from any place which Kirkman might select. This, they say, is a direction of the place for performance under section 1489(1) of the Civil Code. They also argue that under section 1500 of the same code, they had a right to perform the contract by depositing the amount due in any reputable bank in the state and notifying Blumer of the deposit.

The construction placed upon the letter by Kirkman means that the payment of money required under the contract could be made at any place in the state. Carrying this construction to its logical conclusion, under section 16 of article XII of the Constitution, an action upon the contract might be commenced in any county. Under such reasoning, the corporations

cannot object to venue being retained in San Francisco, it being one of the places specified for performance by the letter.

There is no reasonable basis for reading the letter to that effect. Even a construction of it as directing performance by mailing remittances from either Madera County or San Joaquin County is not compelled by the language used. "Payment is not effectuated by sending the amount due to the creditor by mail or other public carrier until the remittance gets into the hands of the creditor, unless he expressly or by implication directs or consents that payment be so made. . . . A mere general direction by a creditor to his debtor to remit money to him ordinarily does not constitute a direction or consent that remittance be made by mail at the creditor's risk. . . ." (70 C.J.S. 218.)

A more reasonable construction is that the letter expresses an understanding that Kirkman will make a payment on account during the winter, performance being effected when such payment is received at Blumer's office in San Francisco. At most, there is a conflict in the inferences to be drawn from the evidence and they must be resolved in support of the trial court's order. (*Hale* v. *Bohannon, supra*; *Gordon* v. *Perkins,* 203 Cal. 183, 186 [263 P. 231]; *C. H. Parker Co., Inc.* v. *Exeter Refining Co.,* 26 Cal.App.2d 610, 611 [79 P.2d 1114].)

The implied conclusion of the trial court also is sustained by viewing the circumstances in the light of pertinent code provisions. (*Hale* v. *Bohannon, supra*; *Bank of Yolo* v. *Sperry Flour Co.,* 141 Cal. 314, 316 [74 P. 855, 65 L.R.A. 90].) Section 1500 of the Civil Code, upon which the corporations rely, provides that an offer extinguishes an obligation for payment of money if designated additional steps are taken. It does not specify where the offer is to be made. That provision is found in section 1489, and for the reasons stated in *Hale* v. *Bohannon, supra,* in the absence of any agreement to the contrary, it was the debtors' duty to pay Blumer in San Francisco or at least to offer payment there.

The corporations also argue that "send in payment" must be interpreted in accordance with the principles applicable to the law of negotiable instruments. The record does not support that position. Blumer alleges that payment has been refused, and there is no evidence of an offer of performance at any place. The letter does not specify that payment

may be by negotiable instrument; the obligation could have been performed by other means.

Under the rules stated and applied in *Hale* v. *Bohannon, supra,* the giving of a check does not, under all circumstances, constitute performance, nor does its payment necessarily relate to the place of the check's delivery. By the language of the letter, the trial court reasonably could have concluded that the parties intended payment to be made to Blumer in San Francisco.

The argument that, under section 395 of the Code of Civil Procedure, Madera County must be deemed to be the place of performance also is answered by the decision in the Bohannon case. As there held, the statute does not apply to an action against a corporation.

The last ground for attacking the order is that the complaint does not state a cause of action permitting retention of venue in San Francisco because of its failure to allege nonpayment. The corporations also challenge the complaint upon the ground that it does not show compliance with certain sections of the Agricultural Code.

Blumer alleges a sale and delivery, a promise to pay upon the happening of a certain event, and the occurrence of that event. He then pleads indebtedness, demand, and refusal and neglect to pay. Although these allegations might be subject to special demurrer (*Milstein* v. *Sartain,* 56 Cal. App.2d 924, 929 [133 P.2d 836]), they imply the fact of nonpayment and are sufficient as against a general demurrer. (*Lincoln County Bank* v. *Fetterman,* 170 Cal. 357, 359-360 [149 P. 811]; *Fancher* v. *Brunger,* 94 Cal.App.2d 727, 730 [211 P.2d 633]; 20 Cal.Jur. 947-948.) The seller specifically declares that he has complied with all of the provisions of division 5, chapter 7, of the Agricultural Code, which includes the sections referred to by the corporations. That form of pleading is expressly authorized by section 459 of the Code of Civil Procedure. (*Ley* v. *Babcock,* 118 Cal.App. 525, 527 [5 P.2d 620]; *Bank of America* v. *McLaughlin etc. Co.,* 40 Cal.App.2d 620, 635 [105 P.2d 607].)

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.