[Civ. No. 8567. Third Dist. May 26, 1955.]

CAL-ORE LUMBER SALES (a Partnership) et al., Respondents, v. FLOYD RUSSELL et al., Appellants.

James W. Harvey and Dorothy E. Handy for Appellants.

John A. Spann and Jack Halpin for Respondents.

SCHOTTKY, J.—This is an appeal from an order denying appellants' motion for a change of venue.

Respondents commenced an action against appellants in Shasta County in the form of a common count, the complaint alleging "That on August 7, 1953, and August 21, 1953, defendants became indebted to plaintiffs on an open book account for 341,615 board feet of 6/4 dry ponderosa pine, rough box, for the total agreed price of $23,640.83, sold and delivered to defendants at their special instance and request"; and "That said obligation was incurred and to be performed in the County of Shasta, State of California."

Appellants moved to change the place of trial to the city and county of San Francisco, basing their motion on the following grounds:

(1) That the Superior Court of the State of California, in and for the County of Shasta, is not a proper court for the trial of this action for the following reasons: (a) that at the time of the commencement of the action none of the defendants resided in Shasta County; (b) that none of the defendants contracted to perform the obligation sued upon in Shasta County, or entered into the alleged contract in said county, or incurred the obligation sued upon in said county; (c) that there is no special contract in writing for the performance of the alleged obligation in said county; and (d) that plaintiffs never sold or delivered any lumber at all to defendants, or any of them, in said county of Shasta.

(2) That the Superior Court of the State of California, in and for the City and County of San Francisco, is a proper court for the trial of this action because at the time of the commencement of the action defendant Floyd Russell was, and still is, a resident of said city and county.

In his affidavit in support of the motion appellant Floyd Russell alleges that he is a resident of San Francisco, does business under the name of United Box and Lumber Company and maintains an office in San Francisco, but does not have an office for the transaction of such business in the county of Shasta; that the other defendants, sued under fictitious names, are fictitious in fact as well as in name; and that none of the defendants resided in Shasta County at the time of the commencement of the action, and alleges further:

"That if any cause of action exists in this action against defendants, or any of them, the same arose in the City of Richfield, County of Tehama, State of California; that none of the lumber alleged to have been sold and delivered by plaintiffs to defendants was ever sold and delivered, or sold or delivered, to defendants, or any of them, in the County of Shasta, and in this regard affiant further states that all sales and all deliveries of lumber, if any, were made by plaintiffs to defendants, at the City of Richfield, County of Tehama. . . .

"That none of the defendants at any time agreed to pay to plaintiffs at their offices or place of business in Shasta County, or anywhere else in said county, the sum of $23,640.83, or any sum or sums whatsoever.

"That none of the defendants ever entered into any contract with the plaintiffs in the County of Shasta, . . . for the sale, purchase, or delivery of lumber alleged in the complaint.

"That none of the defendants agreed to perform the obligations sued upon in Shasta County."

In opposition to the motion plaintiffs filed the affidavit of its sales manager, Mr. Haynes, which states:

"That during the early part of 1953 your affiant had discussions with defendant Floyd Russell regarding sales of lumber; that sometime in late April or early May, 1953, defendant Floyd Russell together with Ted Marion, deceased, visited your affiant in the office of Cal-Ore Lumber Sales in the County of Shasta, State of California; that during this visit defendant Floyd Russell and Ted Marion, deceased, ordered dry lumber from your affiant acting as the agent of Cal-Ore Lumber Sales; that on May 25, 1953 a confirming

copy of this order was received by your affiant through the mail at the office of Cal-Ore Lumber Sales in the County of Shasta. . . .

"That affiant caused to have shipped to defendants quantities of lumber from time to time in order to fill the sales mentioned above.

"That during the late April or early May visit to Redding of defendant Floyd Russell and Ted Marion, deceased, it was agreed between your affiant and defendant Floyd Russell that payment for the lumber ordered from the Cal-Ore Lumber Sales was to be made at the office of Cal-Ore Lumber Sales in the County of Shasta. . . .

"That on July 31, 1953 payment for one shipment of dry lumber sent defendants on their order was made to Cal-Ore Lumber Sales at its office in the County of Shasta. . . .

"That all negotiations, agreements, contracts, and sales on which the cause of action sued on by plaintiff is based, were made in the County of Shasta. . . ."

Subsequently, in opposition to the Haynes affidavit, appellant Russell filed another affidavit, in which he states:

"That as to any purchases from plaintiffs with which affiant had anything to do in any capacity whatsoever, the sellers were to ship the goods to, and deliver the goods at a particular place, namely, Richfield, Tehama County, California, and also the sellers were to pay the freight or other cost of transportation to said particular place, Richfield, Tehama County, California.

"That any lumber that was delivered by plaintiffs on any order with which said affiant had anything to do was shipped f.o.b. Richfield and delivered at Richfield, Tehama County, California.

"That the confirming copy of an oral order which Fred Haynes states he received as an agent of plaintiffs on May 25, 1953, was not signed by affiant, either as an individual doing business under the style and name of United Box & Lumber Company or as Floyd Russell, individually, in which capacities only your affiant has been named and served in the above-entitled action; that your affiant is the only defendant served in said action.

"That none of the lumber alleged in plaintiffs' complaint to have been sold and delivered by plaintiffs to defendants was ever sold and delivered, or sold or delivered, to defendants, or any of them, in the County of Shasta. That it was always required that all said lumber so alleged to have been sold or

delivered be delivered f.o.b. at Richfield, Tehama County, California.

"That affiant never agreed that payment for any lumber ordered from plaintiffs was to be made at the office of plaintiffs in Shasta County. That there is no special contract in writing by which affiant agreed to pay the purported obligation in Shasta County."

Respondents filed a further affidavit by Mr. Haynes which added little to the affidavit previously filed by respondents, but which stated that at the time appellant Russell and Ted Marion visited affiant at respondents' office in Shasta County "Floyd Russell asked your affiant if Cal-Ore Lumber Sales could secure dry lumber to be shipped to the United Box and Lumber Company in Tehama County; that your affiant informed Floyd Russell that Cal-Ore Lumber Sales could obtain dry lumber; that Floyd Russell requested your affiant to ship all the dry lumber Cal-Ore Lumber Sales could obtain to the United Box and Lumber Company in Tehama County; that your affiant promised Floyd Russell that Cal-Ore Lumber Sales would ship dry lumber to the United Box and Lumber Company until Floyd Russell requested shipment stopped; that Floyd Russell asked that the price be cleared with Floyd Russell but that otherwise shipment be made as soon as lumber became available. That subsequently, under the terms of the agreement made between Floyd Russell and your affiant, lumber was shipped to United Box and Lumber Company."

As grounds for a reversal of the order denying their motion to change the place of trial to the city and county of San Francisco, appellants contend (1) that the general rule applies which demands that an action be tried in the county where defendant resides, in that plaintiffs have failed to bring themselves within an exception to said rule; (2) that, on a motion for a change of venue, allegations of a common count are conclusions and not facts, and that plaintiffs' affidavit failed to set forth sufficient facts to bring them within an exception to the general rule regarding venue; and (3) that there is no evidence to support the trial court's finding that defendants "contracted to perform the obligation sued upon in Shasta County," and that therefore as a matter of law they are entitled to a change of venue.

Section 395 of the Code of Civil Procedure, so far as is pertinent here, provides: ". . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed,

or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . .''

■ The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute.

Unless the plaintiff can bring himself within some exception the defendant has a right to have the action tried in the county of his residence. (*Goossen* v. *Clifton,* 75 Cal.App.2d 44, 47-48 [170 P.2d 104].)

■ Commenting on the quoted part of section 395, the court, in *Armstrong* v. *Smith,* 49 Cal.App.2d 528, said at page 531 [122 P.2d 115] :

''If it were provided only that when a defendant has contracted to perform an obligation in some particular county, the county in which it is to be performed, or the county in which the contract was entered into, or the county in which the defendant resides, shall be a proper county for the trial of an action upon an obligation growing out of the contract, no difficulty would be presented. In such a case either one of the three counties mentioned would be a proper county for the trial of such an action.

''But the legislature did not stop there. It added a limitation, and the limitation which it added is this: 'the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed.' The effect of the limitation is to cut down the number of counties in which an action may properly be tried to two, namely, the county in which the defendant resides, and the county in which the contract was made.

''Having set up the limitation, the legislature created an exception to it, providing that *if it be specially contracted in writing as to the county of performance, such county is also a proper county for the trial of an action. Under conditions where the exception is effective, the number of proper counties goes back to three.*

''. . . The express condition of the statute is that *unless there is a special contract in writing to the contrary the*

*county in which the obligation is incurred is the venue of an action arising out of it.* What the legislature has in substance said is that all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action.'' (Emphasis added.)

In the instant case there was no special contract in writing as to the place of performance, and the question which we must determine is: Where was the contract made? If it was made in Shasta County, the order appealed from is correct. If it was not made in Shasta County then respondents have not brought themselves within any exception to the general rule that the defendant is entitled to have the case tried in the county of defendant's residence, and the order appealed from must be reversed.

The complaint was in the form of a common count alleging that appellants became indebted to respondents upon an open book account and the obligation was incurred in Shasta County. It is well settled that on a motion for change of venue a common count states only conclusions of law and not probative facts. As stated by the trial court ''the complaint only states a cause of action without indicating venue,'' and we must therefore analyze the affidavits filed by respondents in opposition to the motion, the substance of which we have hereinbefore set forth.

 It appears from said affidavits that appellant Floyd Russell visited the office of respondents in Shasta County and asked if respondents could secure dry lumber to be shipped to appellants in Tehama County; that respondents' salesmanager replied in the affirmative and appellant Russell requested respondents to ship all the dry lumber they could obtain, the price be cleared with him but that otherwise shipment be made as soon as available; that a confirming order was received through the mail at respondents' office in Shasta County; that at the time of the aforesaid visit it was agreed that payment for the lumber was to be made at respondents' office in Shasta County.

Appellants, in attacking the finding of the court that the parties entered into the contract in Shasta County, argue that respondents' affidavits show no more than an offer to purchase was made by appellants in Shasta County, that there was no acceptance until the ordered goods were shipped, that

in a normal situation the place of shipment would be the place where the contract was entered into, but that in the instant case the lumber was shipped f.o.b. at Richfield in Tehama County, which would put the place of last act necessary to complete the contract in Tehama County. Respondents do not deny that the lumber was shipped f.o.b. Richfield, but point to the allegations in the Haynes affidavit that "all negotiations, agreements, contracts, and sales on which the cause of action sued on by plaintiff is based were made in the County of Shasta."

While it is true that where upon a motion for change of venue the evidence is conflicting the ruling of the trial court will not be disturbed, we are of the opinion that there is no substantial evidence to support the ruling of the trial court that the contract was entered into in Shasta County. We believe that it is clear from the record that while there was some general discussion in Shasta County about the purchase of lumber, there was no definite offer to purchase any definite amount or any agreement as to size or price. At most appellants expressed a desire to buy some dry lumber and respondents were willing to sell them some. Shipment was to be made to appellants f.o.b. Richfield after the price was cleared with appellant Russell, which would mean that there would have to be some further discussion as to sizes and price prior to shipment. The confirming order referred to in respondents' affidavit was mailed from appellants' San Francisco office to respondents' office in Shasta County. It is clear from the record that there were a number of shipments of lumber and that the place of delivery was f.o.b. Richfield in Tehama County.

The Uniform Sales Act, which has been adopted by California, provides that if the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon, unless a different intention appears. Civil Code, section 1739, subdivision 5, provides: "If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

In 12 California Jurisprudence 2d 387, it is said: "... The place where it [the contract] actually becomes com-

plete is the place where it is made. And its consummation is at the place where the last act necessary to complete its validity is performed.''

Again in 46 American Jurisprudence at 602, it is noted there that under the Uniform Sales Act, where the goods are subject to the section quoted, unless the delivery f.o.b. is made complete per the order, no title passes.

Under these rules it would appear that there could be no obligation until the last act has been completed. In such a case the authorities have stated that the place of the contract is where the last act is to be performed. In this case both parties agree that the lumber was to be delivered f.o.b. to Tehama County. Thus the title to the goods did not pass to the appellants until the goods were there received, and at that time the last act was done, constituting Tehama County as the place of the contract.

Our conclusion is that the court erred in holding that the contract was made in Shasta County because there was no binding obligation upon appellants until the lumber was shipped f.o.b. Richfield in Tehama County. Appellants were therefore entitled to have the action tried in the city and county of San Francisco, the place of their residence and principal place of business.

The order is reversed with directions to the trial court to grant the motion.

Van Dyke, P. J., and Peek, J., concurred.