[Civ. No. 5847.    Fourth Dist.    July 18, 1958.]

MERLE CLAPP, Respondent, v. MILTON J. KRAMER, Appellant.

Leonard Di Miceli for Appellant.

Beard & Wien for Respondent.

GRIFFIN, J.—The question here presented is the propriety of an order denying defendant's motion for change of venue on the grounds of nonresidence of defendant and claimed inconvenience of defendant's witnesses.

Plaintiff's complaint sets forth two causes of action. The first is upon a contract arising out of an unpaid personal check of defendant for $1,703, where payment was stopped. The complaint alleges the check was made and executed by defendant at El Centro and was drawn on the California Bank, Beverly Hills Branch. The second cause of action is one of *indebitatus assumpsit* for goods, wares and merchandise sold and delivered in said sum. It alleges that the obligation sued upon was incurred in Imperial County. Defendant's affidavit of residence and merit alleges the contract was "in fact and in law, based upon an oral agreement consummated and accepted by the defendant within the city of Los Angeles," whereby defendant purchased from plaintiff and plaintiff promised he would harvest and deliver to defendant at Los Angeles a certain number of crates of graded cantaloupes and that plaintiff failed to fully perform said contract. It is further alleged that all the material witnesses called to testify by defendant, including himself, resided in Los Angeles. The gist of their proposed testimony is set forth.

These general allegations are set forth in an answer and cross-complaint wherein defendant seeks a judgment against plaintiff for $2,000 loss of profits, etc. Plaintiff denied generally these allegations and by counteraffidavit alleged defendant's claim was untrue in that the alleged causes of action were not based on an oral agreement consummated and accepted in Los Angeles; that plaintiff, in truth and in fact, after preliminary negotiations in El Centro, telephoned defendant in Los Angeles and it was agreed that defendant would accept the cantaloupes f.o.b. El Centro and defendant designated the common carrier in Imperial County to which plaintiff should deliver the melons. The witnesses to be called by plaintiff resided in Imperial County. Their proposed testimony was there set forth.

Section 395 of the Code of Civil Procedure provides generally that when a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant resides shall be a proper county for the trial of an action founded on such obligation. ■ The trial court resolved the conflict in the affidavits and pleadings against the defendant. On this factual issue, particularly as to where the contract was to be performed, it was so authorized. Such finding will not be disturbed on appeal. (*Swartz* v. *California Olive*

*Growers etc. Corp.,* 56 Cal.App.2d 168 [133 P.2d 20]; *Rench v. Harris,* 76 Cal.App.2d 113, 118 [172 P.2d 576].) ▆ The burden of proof justifying the change of venue rested on the moving party. (*Lakeside Ditch Co.* v. *Packwood Canal Co.,* 50 Cal.App. 296, 306 [195 P. 284]; *Ward Manufacturing Co.* v. *Miley,* 131 Cal.App.2d 603, 606 [281 P.2d 343].) ▆ Common counts, if supported by affidavits, are sufficient to bring plaintiff within the exception to section 395, *supra.* (*Carnation Co.* v. *El Rey Cheese Co.,* 88 Cal.App.2d 857 [200 P.2d 19]; *Cal-Ore Lumber Sales* v. *Russell,* 133 Cal.App.2d 296 [284 P.2d 179]; *Schreiber* v. *Hooker,* 114 Cal.App.2d 634 [251 P.2d 55].)

▆ No abuse of discretion appears in denying the motion on the ground of convenience of witnesses. On such a motion mere numerical majority does not necessarily determine the issue. (*Figley* v. *California Arrow Airlines,* 111 Cal.App. 2d 285, 287 [244 P.2d 472]; *Di Giorgio Fruit Corp.* v. *Zachary,* 60 Cal.App.2d 560, 563 [141 P.2d 8].)

Order affirmed.

Mussell, Acting P. J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.