[Civ. No. 59.   Fifth Dist.   Feb. 19, 1962.]

DARRELL EMO et al., Plaintiffs and Respondents, v. C. E. MASSAE, Defendant and Appellant.

Robert V. Blade for Defendant and Appellant.

Clifford H. Plumley for Plaintiffs and Respondents.

STONE, J.—This is an appeal by defendant from an order denying his motion for change of venue. Plaintiffs filed a complaint in Madera County alleging defendant's indebtedness to them in the sum of $6,576.44. The complaint alleges a common count for "work, labor and services performed and monies advanced by plaintiffs to the defendant and for the benefit of the defendant at defendant's special instance and request." Defendant filed a motion for change of venue, pursuant to Code of Civil Procedure, section 395, alleging residence in the County of Butte.

Section 395 of the Code of Civil Procedure, insofar as here pertinent, provides that: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

Plaintiffs filed a counteraffidavit alleging that they and defendant entered into a contract in Madera County agreeing that a partnership business then in existence would incorporate in Madera County for the purpose of selling, servicing and chartering planes in Madera County. It is alleged that defendant agreed to pay $10,000 for a one-quarter share of the corporate stock to be issued upon completion of the incorporation proceedings. The affidavit also states that in anticipation of defendant's $10,000 payment, the partnership and defendant took over a 90-day flooring contract on an airplane. The business was incorporated as agreed, but defendant refused to pay $10,000 for one-fourth of the stock, and the bank threatened to foreclose its lien on the plane. Defendant then agreed, in the County of Madera, to refinance the plane through his bank in Chico. Defendant failed to make

the payment and, according to the affidavit, plaintiffs were required to pay, and did pay, the balance due on the plane. This payment, made because defendant failed to perform the contract, is alleged to be the amount owing by defendant to plaintiffs.

The first question is whether in a change of venue proceeding, an affidavit may be filed to supplement a common count. That this may be done is established by *Diepenbrock* v. *Auslen*, 185 Cal.App.2d 747 [8 Cal.Rptr. 659], at page 750, wherein the court held that where a complaint is silent as to the details of the elements of a common count, such facts may be shown by affidavit. In *Clapp* v. *Kramer*, 162 Cal. App.2d 237 [328 P.2d 510], at page 239, it was held that a common count, if supported by proper affidavits, comes within the language of Code of Civil Procedure section 395, specifying venue in cases based upon contract.

Next, defendant questions plaintiffs' right to file an affidavit setting forth facts asserting that the basis for the common count is a contractual transaction. Defendant's reasoning is that the affidavit contradicts plaintiffs' complaint and if allowed to stand, amounts to an amendment of the complaint. Plaintiffs' affidavit alleges, in substance, that defendant entered into a contract in Madera County to pay a debt secured by a lien on an airplane; that plaintiffs performed the contract but defendant did not make the payment as agreed; that therefore defendant owes plaintiffs the amount of money alleged to be due in the complaint. Defendant points out that plaintiffs' affidavit discloses an express contract, but that their complaint alleges a common count. He argues that since the two pleadings are contradictory the complaint controls, and the court may not consider the affidavit. However, the affidavit alleges that plaintiffs performed the contract in all particulars and that only defendant's payment of the money due under the terms of the contract remained to be done. The Supreme Court considered a similar question concerning a common count arising from a contract, in *Ferro* v. *Citizens National Trust & Savings Bank*, 44 Cal.2d 401 [282 P.2d 849], and said, at page 409:

"Defendant contends, however, that a pledge is an express contract, that it was not pleaded in Ferro's complaint, and that it would therefore be improper to allow recovery on the theory of breach of trust. Ferro did plead a common count for money had and received, but defendant contends that 'such a count will not lie to enforce an express contract,'

citing *Barrere* v. *Somps,* 113 Cal. 97, 101 [45 P. 177, 572]. The general rule thus stated by defendant does not apply if the plaintiff owes no further performance under the contract and nothing remains to be done thereunder except the payment of money by the defendant. Payment can then be recovered under a complaint stating a common count for money had and received." (See *Castagnino* v. *Balletta,* 82 Cal. 250, 257 et seq. [23 P. 127].)

Since plaintiffs' affidavit alleges facts which come within the rule of the *Ferro* case, it cannot be said that the common count and the affidavit are contradictory, or that the affidavit is tantamount to an amendment of the complaint.

Finally, defendant argues that plaintiffs' affidavit does not disclose the true facts concerning the transaction, either as to the making of the contract or as to its performance. This argument of defendant includes his denial of plaintiffs' assertion that only defendant's performance of the contract remained to be done. In other words, it is a factual denial that the affidavit brings the case within *Ferro* v. *Citizens National Trust & Savings Bank, supra.* The argument simply presents a conflict between the affidavits of the parties.

An identical question was settled in *Clapp* v. *Kramer, supra,* by the following language, at page 238: "The trial court resolved the conflict in the affidavits and pleadings against the defendant. On this factual issue, particularly as to where the contract was to be performed, it was so authorized. Such finding will not be disturbed on appeal."

The rule to be followed by an appellate court in reviewing an order of the trial court predicated upon affidavits, is found in *Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501 [289 P.2d 476, 47 A.L.R.2d 1349], wherein the court said, at page 508: " '. . . In the consideration of an order made on affidavits involving the decision of a question of fact, the appellate court is bound by the same rule as where oral testimony is presented for review.' [Citations.]"

Thus it is not the province of this court to reweigh the evidence which the trial court received by way of affidavit.

The order is affirmed.

Conley, P. J., and Brown, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 11, 1962.