[Civ. No. 20401. First Dist., Div. Two. Apr. 16, 1962.]

ROBERT ARCHER et al., Petitioners, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent; NICHOLAS VULICH et al., Real Parties in Interest.

John H. Sutter and Cyril Roche for Petitioners.

No appearance for Respondent.

Woodman, Leddy & Sautter, Edward P. Sautter and John D. Cook for Real Parties in Interest.

SHOEMAKER, J.—An order refusing petitioners Robert and Inconia Archer's motion for change of venue having been entered by the Superior Court of Humboldt County, said petitioners seek a writ of mandate directing the trial court to vacate said order and to enter an order changing the place of trial to the County of San Mateo, the residence of petitioner Robert Archer.

The record shows that on April 5, 1961, plaintiffs Nicholas and Elva Vulich filed a complaint against defendants Robert and Inconia Archer in the Superior Court of Humboldt County. The complaint purportedly set forth four distinct causes of action, the first two of which are framed as common counts, the third and fourth upon a written instrument. On June 12, 1961, defendants moved respondent court to change the venue of the action from Humboldt County to San Mateo County, basing said motion on affidavits of merit and residence. The residence of the defendant Robert Archer in San Mateo County is not questioned, or that Inconia Archer has never been a resident of Humboldt County.

Plaintiffs filed a counteraffidavit in support of their position that Humboldt County was the proper county for the trial of the action. Such procedure is proper, as is held

in *Emo* v. *Massae* (1962) 200 Cal.App.2d 473, 475 [19 Cal. Rptr. 652] : "The first question is whether in a change of venue proceeding, an affidavit may be filed to supplement a common count. ██ That this may be done is established by *Diepenbrock* v. *Auslen*, 185 Cal.App.2d 747 [8 Cal.Rptr. 659], at page 750, wherein the court held that where a complaint is silent as to the details of the elements of a common count, such facts may be shown by affidavit. ██ In *Clapp* v. *Kramer*, 162 Cal.App.2d 237 [328 P.2d 510], at page 239, it was held that a common count, if supported by proper affidavits, comes within the language of Code of Civil Procedure section 395, specifying venue in cases based upon contract."

The California rule governing venue provides that an action on a contract may be tried in either the county of the defendant's residence, the county where the contract was entered into, or the county where the contract is to be performed. (Code Civ. Proc., § 395.) (In the absence of a special written contract to the contrary, the county in which the obligation was incurred shall be deemed the county in which it is to be performed.) ██ ██ Although there can thus be as many as three counties in which a contract action may properly be brought, the defendant's residence is the preferred place for trial, and, if the defendant is entitled to a change of venue on any one of the causes of action alleged in the complaint, the motion must be granted as to all. (*Quick* v. *Corsaro* (1960) 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674] ; *Goossen* v. *Clifton* (1946) 75 Cal.App.2d 44, 47 [170 P.2d 104].)

Our determination must then rest on the question of whether there was a sufficient showing, as to *each* of the counts pleaded in the complaint, that venue was properly retained in Humboldt County. ██ Any conflict in the inferences to be drawn from the evidence, as set forth by the complaint and the affidavits, must be resolved in support of the trial court's order denying the change of venue. (*Emo* v. *Massae, supra*; *Blumer* v. *Kirkman Corp.* (1952) 38 Cal.2d 480, 484 [241 P.2d 17].)

Our examination of the complaint, as supplemented by the counteraffidavit, satisfies us that the trial court did not err in concluding that the first two counts were properly brought in Humboldt County.

An entirely different situation is presented, however, as to the third and fourth counts set forth in the complaint. Although it is true, as above noted, that any conflicts in the

evidence must be resolved in favor of the trial court's determination (*Emo* v. *Massae, supra*; *Blumer* v. *Kirkman Corp., supra*), we are of the opinion that the evidence relating to the third and fourth counts is susceptible of only one interpretation. Both of these counts are based upon a written instrument executed by defendants on January 23, 1956. Pursuant to this document, defendants acknowledged receipt of cash in the total sum of $10,000 (count three) and promised in consideration thereof to issue and deliver to plaintiffs notes or capital stock in that amount (count four), which promises were breached. This contract on its face indicates that it was executed by defendants in Sonoma County, and there is no denial of this by plaintiffs. ■ " 'The place at which a contract bears date is prima facie the place where it is made.' " (*De Campos* v. *State Comp. Ins. Fund* (1946) 75 Cal.App.2d 13, 22 [170 P.2d 60].) Plaintiffs' counteraffidavit states only that this contract was mailed to plaintiffs at their address in Eureka, County of Humboldt.

■ Where a defendant has made a proper showing of nonresidence, the burden is on the plaintiff to show that the case comes clearly within one of the statutory exceptions to the general rule that actions are triable in the place of the defendant's residence. (*Goossen* v. *Clifton, supra*; *Hollopeter* v. *Rogers* (1962) 199 Cal.App.2d 814, 817 [19 Cal.Rptr. 25]; *Abbey* v. *Schaefer* (1952) 108 Cal.App.2d 554, 556 [239 P.2d 44].) The plaintiffs did not meet this burden. It is true that we find in the affidavit of Elva Vulich reference to an *oral* agreement allegedly made on April 26, 1955, at Eureka, but not to the *written* agreement made on January 23, 1956, at Santa Rosa, upon which the third and fourth counts are based. ■ What plaintiffs are in effect seeking to do by way of affidavit is to amend the third and fourth counts in order to base them upon the oral agreement of April 26, using the contract of January 23 for evidentiary purposes only. This cannot be done, either by amendment to the complaint after the motion for change of venue has been made or by counteraffidavit on the hearing of the motion for change of venue. (*Sloan* v. *Court Hotel* (1945) 72 Cal.App.2d 308, 313-314 [164 P.2d 516]; 51 Cal.Jur.2d 215; 1 Witkin, Cal. Procedure, § 260, pp. 781-782.)

The obligation upon which plaintiffs based their third and fourth counts is that contained in the written agreement of January 23, 1956, and was incurred in Sonoma County, not Humboldt County. The complaint alleges that on January 23,

1956, defendants "signed, executed and delivered to the plaintiffs" the written instrument sued upon. The contract was clearly entered into in Sonoma County. Since there is no evidence of any special contract to the contrary, Sonoma County must also be deemed the place of performance. Defendant Robert Archer resides in San Mateo County. Under these circumstances, plaintiffs have failed to sustain the burden of making a clear showing that counts three and four come within one of the statutory exceptions allowing actions to be tried in counties other than that of the defendant's residence.

Let a peremptory writ of mandate issue as prayed.

Kaufman, P. J., and Agee, J., concurred.