1997 OK CIV APP 84

1997 OK CIV APP 84

**Charles A. SHADID, Plaintiff/Appellee,**

v.

**NORTHERN AUTOMOTIVE CORPORATION, Defendant/Appellant.**

**No. 88146.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 16, 1997.

Certiorari Denied Dec. 3, 1997.

Kieran D. Maye, Jr., Oklahoma City, for Defendant/Appellant.

Gerald P. Green, Paul G. Summars, Oklahoma City, for Plaintiff/Appellee.

### *OPINION*

HANSEN, Presiding Judge:

¶1 This is an appeal by Northern Automotive Corporation (Tenant) from a forcible entry and detainer action instituted by Charles A. Shadid (Landlord). Landlord and Tenant are parties to a commercial lease involving property in Oklahoma City. The

controversy surrounds Landlord's efforts to terminate the lease based on Tenant's alleged failure to timely pay common area maintenance, taxes and insurance charges (the charges) which Shadid assessed for 1994. Payment of rent is not an issue herein.

The lease provides Tenant will pay its proportionate share of taxes and insurance "within ten (10) days after Tenant receives billings therefor, together with copies of relevant tax statements or insurance premium bills and computation of Tenant's pro rata share." Also, the lease provides Tenant will "... promptly pay Landlord monthly its pro rata share of the cost of such [common area] maintenance...." Landlord contends he mailed three separate billings for 1994 charges on February 6, 1995. However, Tenant's personnel testified there was no record of those billings having been received in February.

¶2 On December 1, 1995 Landlord sent Tenant a Notice to Quit, along with backup for the charges because of Tenant's failure to pay the charges.[1] Tenant received this Notice to Quit on December 5, 1995. On December 12, 1995, Tenant allegedly mailed Landlord a check in full payment of these charges. Landlord claimed he did not receive the check. When Landlord advised Tenant he did not receive payment for the charges, Tenant issued a replacement check, which Landlord received on January 2, 1996.

¶3 After a trial on the matter, the trial court issued a journal entry of judgment wherein it found, among other things, that Tenant mailed a check for the 1994 charges on December 12, 1995, "within the time allowed by the lease and Plaintiff's Notice to Quit; however, said check was never received by the plaintiff. The defendant is therefore in breach of its lease with the plaintiff and plaintiff is entitled to immediate possession of the property...." It also ordered that costs and attorney fees will be addressed by separate motion. Tenant appeals.

¶4 Tenant argues Landlord bears the risk of nondelivery in the mails. The lease provides that "[a]ll rental payments shall be made by checks payable to Landlord and mailed to it at the address designated by Landlord,...." This Court has found no Oklahoma law which directly addresses this issue. However, the courts in our neighboring state of Texas hold if a creditor expressly directs that money owed him to be mailed to him, payment of such debt is made when a letter containing the agreed remittance for the proper amount, properly addressed, and with postage prepaid is deposited in the mail. *Shiffers v. Estate of Ward*, 762 S.W.2d 753 (Tex.App.–Ft. Worth 1988). In *Blumer v. Kirkman Corp.*, 38 Cal.2d 480, 241 P.2d 17 (Cal.1952), the Supreme Court of California held that payment is not effectuated by sending the amount due to the creditor by mail until the remittance gets into the hands of the creditor, unless he expressly or by implication directs or consents that payment be so made. We are persuaded by the reasoning of these courts and thus, adopt these rules as policy in Oklahoma.

¶5 In the instant case, the lease provides that rental payments shall be mailed. The lease does not address a method of payment of the charges. Nevertheless, Tenant mailed a check for the charges. It did this on December 12, 1995, within seven days of having *received* the Notice to Quit with backup for the charges.[2] Although

1. Pursuant to the lease, "... should default be made in the payment of any portion of the rent when due or in the performance of any of the covenants, terms and conditions of this Lease to be performed by Tenant, and such default continues for twenty (20) days after written notice thereof, Landlord, ... may ... terminate this Lease,...."

Title 40 O.S.1991 § 6 provides, "If a tenant, for a period of three (3) months or longer, neglect or refuse to pay rent when due, ten (10) days' notice in writing to quit, shall determine the lease, unless such rent be paid before the expiration of said ten (10) days."

2. Although Landlord argues there was no proof Tenant ever mailed the payment, Tenant claims the videotaped depositions of three of its employees indicated the check was put in an envelope, the envelope was properly addressed, postage was affixed to the envelope, and it was mailed. The trial court made a finding the Tenant mailed the check, and did so within the time allowed by the lease and the Notice to Quit. The standard of review in an action at law is that the findings of the trial court are as binding on appeal as the

Landlord did not receive this payment, he bears the risk of loss. The trial court erred in holding Landlord could terminate the lease because the check for the charges was never received by Landlord.

¶ 6 Tenant requests attorney fees below and on appeal. Pursuant to 12 O.S.1991 § 1148.9, Tenant, as prevailing party, is entitled to attorney fees. Therefore, this matter is remanded to the trial court for a hearing regarding the award of attorney fees at the trial court level. Tenant's request for attorney fees on appeal is granted.

REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

JOPLIN and BUETTNER, JJ., concur.

---

verdict of a jury, and if there is competent evidence to support the findings, they will not be disturbed on appeal. Landlord does not dispute the veracity of the videotaped depositions of Tenant's three employees who testified regarding the chain of custody of the envelope containing the check for the charges. There is competent evidence to support the trial court's finding the Tenant mailed the check and did so within the time allowed by the lease and the Notice to Quit.